(Decided January 31st, 1861.)

----

# ARTHUR PUE *vs.* JOHN G. HETZELL.

A mechanic's lien claim for a *certain number of feet of tin roofing and spouting*, *at a certain sum per foot*, is, in respect to *description*, a substantial compliance with the requirements of sec. 11 of the Act of 1838, ch. 205; the claimant was entitled to compensation for a specific job of work, which, when done, so combined the *work* and *materials*, as to render it unnecessary, in view of the law, to *separate* them in the claim.

The Acts of 1838, ch. 205, and of 1845, ch. 176, extending the time of notice to sixty days, and the Act of 1845, ch. 346, extending these Acts to Howard District, are, by the 3rd Article of the Bill of Rights, and by Art. 8, sec. 1, of the Constitution, extended to Howard county.

The Act of 1845, ch. 346, *entitled*, an Act to extend the lien of mechanics "*passed* in 1839, ch. 205," to Howard District, and, in its enacting part, extending "the provisions of the Act *passed* in 1839, ch. 205, and the supplements thereto *relating* to the lien of mechanics and others on buildings" to said District, sufficiently *identifies*, and applies to, the original mechanics lien law of 1838, ch. 205, which was *passed* in March 1839, and its supplements, especially as there was no law passed at the session of 1839, relating to this subject.

APPEAL from the Circuit Court for Howard county.

*Scire facias* upon a mechanic's lien, issued at the instance of the appellee, on the 14th of May 1858, on his lien claim filed and recorded on the 2nd of December 1857, by which he claimed a lien for the sum of $484.94 upon a two-story frame dwelling house, erected on the farm of the appellant, in Howard county, and upon the adjacent grounds, of which the appellant was owner or reputed owner, and Wm. Woods the contractor or builder, "for roofing and spouting and other work done, and materials furnished, by the said claimant, in and upon and for the said building, at the instance and request of the builder or contractor aforesaid, at the prices and terms now particularly set forth in the account filed herewith, and which is hereto annexed, as part of this claim;" which account is as follows:

"Mr. William Woods, for Dr. Arthur Pue,
1857.                                    To John G. Hetzell, Dr.
June 3d—To 4987$\frac{1}{2}$ feet tin roofing on Dr. Pue's

| | | | | house in Howard co., a. 8$\frac{1}{2}$, - | - $423.97 |
| | | | " | Half meast. charge,   -      -      - | 4.25 |
| " | 23d | " | 132 ft. tin roofing, do. 8$\frac{1}{2}$,   -      - | 11.22 |
| " | " | " | 222 " " spouting, do. 12$\frac{1}{2}$, - | - 27.50 |

Am't due 23d June 1857,   -      -      - $466.94"

The appellant appeared to the writ, and pleaded several pleas, on which issues were joined. These pleas aver that the money in said writ mentioned ought not to be levied of the said building:

1st. Because the building was erected by Woods, a contractor, who contracted with the defendant to erect the same for a specified sum, and the plaintiff did not give notice to the defendant within sixty days after furnishing the materials or doing the work, that he intended to claim the benefit of a lien on the said land.

2nd. Because the contract for furnishing the materials and performing the work, was made with an architect, builder, or other person than the owner of the lot on which the building was erected, and the plaintiff did not, in manner and form as required by the Acts of Assembly in such case made and

provided, give notice of the same, and of his intention to claim the benefit of the alleged lien.

3rd. Because the plaintiff did not do the work or furnish the materials as alleged.

4th. Because the defendant does not owe the plaintiff the said sum of money above demanded, or any part thereof.

5th. Because the said work was not done, and the materials were not furnished, on the credit of the said building.

6th. Because the sum alleged to be due for the said materials and work has been paid to the plaintiff.

7th. Because no lawful sufficient claim of lien was filed as required by law.

*Exception.* The plaintiff offered in evidence his claim as filed, and proved that he was employed by Woods, the contractor, to put the tin roof, spouting, and other tin work, upon the house in question, and that the work was begun in November 1856, and completed on the 3d of June 1857. He then proved that the work was measured by a sworn measurer, and its measurement ascertained as stated in the aforesaid account, and further proved that on the 15th of July 1857, the following notice was served on the defendant, Pue, at the request of the plaintiff. This notice contains a copy of the account as above set forth, and then states:—"Sir: Please take notice that I have done and furnished for William M. Woods, in and about the construction of the dwelling house built by him for you, on your farm in Howard county, the work and materials specified in the within bill, at the time therein mentioned, and I intend to claim, for the amount of said bill, the benefit of the lien given by the Act of Assembly in such case made and provided." Testimony was then offered on both sides, as to the character of the work done, that offered by the plaintiff tending to show that the tin roofing was of proper material, and was properly put on, and that by the defendant tending to prove that it was not properly put on, and in consequence thereof the roof leaked in many places. The defendant then offered in evidence the contract, dated the 8th of August 1856, between Wood and himself, for the building of the house in question, and the accompanying specifications. To the admission of these

papers the plaintiff objected, but the court allowed them to be read to the jury, in connection with other testimony going to show that the plaintiff was notified of their contents. The plaintiff then asked the following instruction to the jury:

1st. That if they shall believe, from the evidence, that the plaintiff furnished work and materials upon a house of the defendant, Pue, at the instance of Woods, as contractor, builder or architect, and that said house is the same house as that described in the proceedings in this cause, and that within sixty days after furnishing such work and materials, the plaintiff, or his agent, gave notice of the same, and of the amount of his claim, in writing, to said Pue, and of his intention to claim the benefit of his lien, and that before the expiration of six months after said work was finished and materials furnished, the claim or statement of demand, appearing in the proceedings, was filed in the office of the clerk of Circuit court for Howard county, and that said work and materials are the same as those stated in said claim, then the plaintiff is entitled to recover, provided the jury shall find that said Woods was the contractor, builder or architect at the time said work and materials were furnished, and shall also believe that said work and materials were not done upon the individual responsibility of said Woods, but upon the faith and credit of said building, and shall further find that said work and materials were done and furnished in a reasonably proper and sufficient manner in reference to any contract which the jury may find, and that the plaintiff has not been paid or satisfied for the same.

2nd. If the jury shall find the furnishing of the work and materials as stated in the 1st prayer, and that a notice was served and claim filed as stated therein, and that said Woods was contractor, builder or architect at the time stated in said prayer, and that said work and materials were done upon the credit of said building, and that the plaintiff has not been paid or satisfied for the same, then the plaintiff is entitled to recover the amount which said work and materials were reasonably worth, provided the jury shall further find that the defendant, Pue, has accepted the same.

Pue *vs.* Hetzell.

The defendant, Pue, then prayed the court to instruct the jury as follows:

That the plaintiff is not entitled to recover in this action.

1st. Because the pretended claim on which the writ in this case was issued, and which was filed in the office of this court, before the issuing of this writ, does not set forth the amount or sum claimed to be due for the *work and labor* said to have been done and performed, in and upon the house and land in the said pretended claim mentioned and described.

2nd. Because the said pretended claim on which the writ in this case was issued, and which was filed in the office of this court before the issuing of said writ, does not set forth the amount or sum claimed to be due for the *materials* said to have been furnished in and upon the said house and lot, in the said pretended claim mentioned and described.

3rd. That if the jury believe, from the evidence, that the work and materials for which the pretended claim in this case has been filed, were done and furnished on the individual credit of Woods, and not on the credit of the house and land sought to be charged by the said claim, then the plaintiff is not entitled to recover in this action.

4th. That if the jury shall believe, from the evidence, that the plaintiff's pretended claim in this case was filed in the office of this court on the 2nd of December 1857, and that the work done and materials furnished for which said claim was filed, was done and were furnished at several distinct periods and upon distinct contracts or orders, and not under one continuing contract, then the plaintiff is not entitled to recover in this action for any work done or materials furnished more than six months before said 2nd of December 1857, on any distinct contract performed or order complied with more than six months before said 2nd day of December 1857.

5th. That if the jury shall believe, from the evidence, the work done and materials furnished, for which the plaintiff's pretended claim was filed in the office of this court, on which the writ was issued in this case, was done and were furnished at several distinct periods, and upon distinct contracts or orders,

and not under one continuing contract, then the plaintiff is not entitled to recover in this action for any work done or materials furnished more than sixty days before the date of the service of notice of claim of lien to the defendant, offered in evidence by the plaintiff, on any distinct contract performed, or order complied with, more than sixty days before the date of the said service of notice.

6th. That the plaintiff is not entitled to recover in this action, unless the jury shall find, from the evidence, that within or at least the expiration of six months after the work was done and materials were furnished, for which the pretended claim in this case was filed, that the plaintiff filed in this court a claim setting forth the name of the party claimant, and of the contractor, the amount claimed to be due, the nature of the work done, the kind and amount of the materials furnished, and the time when the said work was done, and when the said materials were furnished.

7th. That the plaintiff is not entitled to recover in this action unless the jury shall find, from the evidence, that within sixty days after the work was done and materials were furnished, for which the pretended claim in this case was filed, the plaintiff gave notice to the defendant of his intention to claim a lien for said work and materials, and unless they shall find further that said notice contained a statement of the amount claimed to be due, of the kind of work done, of the kind and amount of materials furnished, and of the time when said work was done, and when said materials were furnished.

8th. That the plaintiff is not entitled to recover in this action, because the pretended claim on which the writ in this case was issued, and which was filed in the office of this court before the issuing of said writ, does not set forth the amount or sum claimed to be due for work and labor said to have been done, and materials said to have been furnished in and upon the house and land, in the said claim mentioned and described.

The court (BREWER, J.) granted the plaintiff's prayers and rejected the 1st, 2nd and 8th prayers of the defendant. The

other prayers of the defendant were granted by consent of the plaintiff's counsel. The defendant, Pue, excepted to the granting of the plaintiff's prayers and to the rejection of his 1st, 2nd and 8th prayers, and the verdict and judgment being against him, appealed.

The cause was argued before LE GRAND, C. J., TUCK, BARTOL and GOLDSBOROUGH, J.

*Thos. Donaldson* for the appellant:

1st. Neither the claim nor the notice properly sets forth the amounts due respectively for *work done* and *materials furnished.* It is absolutely necessary to state the amount of *each,* and not the *aggregate* of the two. Sec. 11, of the Act of 1838, ch. 205, says that *"every* claim *must* set forth," among other things, "the nature or kind of the work done, or the kind and amount of materials furnished," and when both work is done and materials are furnished, both must be specified in the claim. *Sergt. on Mechanics Lien,* 226. 6 *Barr.,* 191, *Noll vs. Swineford.* 8 *Barr.,* 478, *Lauman's Appeal.* 6 *Gill,* 27, *Carson vs. White. Penn. Act of March 24th,* 1849. 10 *Md. Rep.,* 389, *Thomas vs. Barber.* 15 *Md. Rep.,* 1, *Baker vs. Winter.*

2nd. The Act of 1838, ch. 205, sec. 9, required the notice to the owner, in such a case as the present, where the house was built by a contractor, to be given within 30 days after making the contract or furnishing the materials. The Act of 1845, ch. 176, sec. 1, extending the time of such notice to 60 days, did not apply to Howard district, because the Act of 1845, ch. 346, purports to extend "the Act of 1839, ch. 205, and the supplements thereto," to Howard district, and the Act here referred to and proposed to be extended, contains nothing whatever relating to mechanics' liens. The Act of 1838, ch. 205, had already been extended to Howard district by the Act of 1842, ch. 111.

3rd. But even if the mechanics lien laws, and the Act of 1845, ch. 176, among them, had been extended to Howard district, they were never made applicable by the Constitution

of 1850, or by any statute, to *Howard county.* Art. 8, sec. 1, of the Constitution, simply makes Howard district a new county, to be called Howard county, and declares that its inhabitants "shall have, hold and enjoy all such *rights* and *privileges* as are held and enjoyed by the inhabitants of the *other counties* of the State," and that "all *rights, powers* and *obligations* incident to Howard district of Anne Arundel county, *shall attach* to Howard county." It is submitted that this does not extend to Howard county *all the laws* which had been previously applicable to Howard district, and this was not done till the adoption of the new Code, which is applicable to the whole State.

*Chas. E. Phelps* for the appellee.

1st. The claim, as filed, is correct, both in form and substance. It is not a claim filed by a contractor or builder, under the Act of 1845, ch. 287, but simply that of an ordinary mechanic or material-man. The contract of the appellee with Woods, the contractor, was to do the work *"by the foot,"* and when done the work was measured by a sworn measurer. Under these circumstances, what other or better statement of his claim could the appellee have set forth than that filed in this case? "The nature and kind of work done," and "the kind and amount of materials furnished," are both set forth with certainty and precision. For any practical purpose, it is immaterial whether the charge for "tin roofing" and "spouting," be regarded as *"work done,"* in which case, the materials furnished will be merely an incident, as in 5 *Barr.,* 18, *Shaw vs. Barnes,* and 2 *Harris,* 175, *Hill vs. McDowell,* and *Ibid.,* 167, *Bayer vs. Reeside,* or whether it be regarded as *"materials furnished,"* in which case the work done upon the tin, in putting it down upon the building, of course, enters into the estimate of the price of the tin as *"roofing"* and *"spouting,"* just as the work previously done upon the raw material to reduce it into the proper condition and form for use, enters into the estimate of its price, simply as *"tin."* The lien laws are to be liberally construed, so as to advance the remedy provided, and it is suffi-

cient if their requirements are *substantially* complied with. *Act of* 1845, *ch.* 287, *sec.* 1. 10 *Md. Rep.*, 257, *Hess, et al., vs. Poultney, et al.* The true test of conformity with the requirements of sec. 11, of the Act of 1838, ch. 205, is given by the Court of Appeals, in *Carson vs. White*, 6 *Gill*, 27, and the appellee asks no more than that the claim in this case be measured according to the principles established by that decision.

2nd. But it is contended, on the other side, that the supplementary Act of 1845, ch. 176, is not in force in Howard county, and that, therefore, notice of *thirty days* should have been given under the original Act of 1838, ch. 205, which was extended to Howard district by the Act of 1842, ch. 111. This position rests upon the fact, that the Act of 1845, ch. 346, misrecites *the year* of the session in which the original Act referred to and proposed to be extended with *its supplements,* was passed. This misrecital obviously arises from clerical misprision, typographical error, or mere inadvertance. Is it true that our Acts of Assembly are liable to be invalidated by accidents so trivial? But fortunately, in this case the accident does no harm. The original Act is correctly described by its *title*, with perfect fullness and accuracy, leaving no room for doubt as to what Act was really meant by the Legislature. "One part of a statute must be so construed by another, that the whole will, if possible stand; *ut res magis valeat quam pereat.*" 1 *Bl. Com.*, 89. If there were any thing in this point, why was it not made in reference to the Act of 1845, ch. 287, in the case of *Okisko Co. vs. Matthews,* 3 *Md. Rep.*, 168?

3rd. It is further contended, on the other side, that neither the original Act of 1838, nor any of its supplements, which have been applied to Howard *district,* are now in force in Howard *county,* inasmuch as they have not been specially *re-enacted* since the adoption of the new Constitution. The Constitution (*Art.* 8, *sec.* 1) provides that "*all rights, powers and obligations* incident to Howard district of Anne Arundel county shall attach to Howard county." This clause, of necessity, carries with it all the *laws* then in force in Howard

district and *"attaches"* them to Howard county. No law was ever passed, none can be passed, which does not either confer a *"right,"* convey a *"power,"* or impose an *"obligation."* The mechanics lien laws do all these. Even were the terms of the organic law not thus explicit, the court, it is submitted, would hesitate long before pronouncing a decision which would disturb, unsettle and shake, the very foundations of the legislation, upon which repose the vested rights of the citizens of Howard county, especially after an interval of ten years, during which the question has never been raised.

GOLDSBOROUGH, J., delivered the opinion of this court:

This is a proceeding under the lien law of 1838, ch. 205, and its supplements.

The appellant was the owner of a house in Howard county, built by a certain William W. Woods, under a contract dated the 8th of August 1856.

The appellee was employed by Woods, the contractor, to cover the house with a tin roof, and to furnish spouting for the same. He finished the work, and failing to obtain payment from the contractor, Woods, filed his claim on the 2nd day of December 1857, in the Circuit court for Howard county, in pursuance of the above Acts of Assembly, and a *scire facias* was issued thereon. The bill of particulars, with notice, was served on the appellant on the 15th of July 1857. The appellant appeared, and filed the several pleas mentioned in the proceedings, (*ante.*, 540, 541,) and the appellee joined issue on them.

The appellee then offered in evidence the claim on which the writ issued, the service of the bill of particulars on the appellant, the time when the work was finished, and the measurement of the work done, and its value. Evidence was offered on both sides in regard to the character of the work done. At the trial, the appellee offered two prayers, both of which were granted; and the appellant offered eight prayers, the first, second and eighth of which were refused by the court; the remaining prayers of the appellant were granted with the consent of the appellee's counsel. From which

ruling of the court, granting the appellee's prayers, and the rejection of the appellant's first, second and eighth prayers, the appellant appealed. We concur in the ruling of the court below. The bill of particulars shows a substantial compliance with the 11th section of the original Act. The appellee was entitled to compensation only for a specific job of work, and the work, when completed, so combined the work and materials as to render it unnecessary to separate them in view of the law.

We are of opinion that the Act of 1838, ch. 205, the Act of 1845, ch. 176, extending the time of notice to sixty days, and the Act of 1845, ch. 346, extending these Acts to Howard District, were, by the 3rd Article of the Bill of Rights, and by the Constitution, extended to Howard county. The objection urged by the appellant's counsel, that there is no Act of 1839, ch. 205, relating to mechanics' liens, is sufficiently answered by referring to the Act of 1845, ch. 346. In the title to that Act, it will be seen, that it speaks of an Act *passed* in 1839, and the original Act of 1838, ch. 205, was in fact passed in March 1839, and took effect from the first of June of that year. This is a sufficient identification of the original Act, to which that of 1845, ch. 346, was intended to be supplementary, especially when it is manifest that there was no law passed, in the session of 1839, relating to the subject.

*Judgment affirmed.*

