(Decided 26th March, 1878.)

J. MARION WATTS *vs.* JOHN WHITTINGTON, and others, trading as JOHN WHITTINGTON & Co.

*Mechanics' lien—When a Lien does and does not exist—Art. 61, secs. 14 and 24, of the Code.*

In a proceeding in equity to enforce a mechanics' lien, the bill of particulars or account filed with the lien claim, showed items for bricks, commencing on the 17th of June, 1873, and the last item charged was of the 7th of October, 1873. The account also showed that items consisting of *common* bricks were charged as having been furnished and delivered at short intervals between the 17th of June, and the 12th of July. There was then an interval to the 6th of October, when on that day and the day following,

there were two charges for paving bricks amounting to $18. The lien claim was filed on the 16th of March, 1874, within six months after the date of the last item, but more than six months after the 12th of July, 1873. The evidence showed that the *common* bricks were furnished under a contract with one W. and not with the defendant, who only ordered the two items of paving bricks. HELD:

That there could be no lien for the materials furnished in June and July, the claim for them not having been filed in time.

It was contended on behalf of the defendant that the paving bricks were not used in the erection of the house, but were used in paving a walk around the house, and that this pavement formed no part of the house, and was not essential or incidental to the proper enjoyment of the house as a building or mansion, and that for such no lien was given under the statute. The proof showed that paving bricks were ordered and furnished for the house. Without deciding whether there could be a lien for such an improvement around a house, it was HELD:

That for these bricks a lien existed.

A party is entitled to his lien under the mechanics' lien law, without regard to the amount of his claim, and proceedings to recover the amount of any lien shall be by bill in equity or by *scire facias*. (Art. 61, secs. 14 and 24, of the Code.)

APPEAL from the Circuit Court of Baltimore City.

The bill in this case was filed by the appellees to enforce a mechanics' lien for bricks furnished in the erection and construction of a certain house in the City of Baltimore, of which the appellant was owner or reputed owner. The appellant answered; he admitted that the complainants furnished the bricks used in erecting the house referred to in the bill, but denied that the same were furnished to the respondent. He also denied that the contract for furnishing the bricks was made with him or with any agent or other person acting for him, or that the same were furnished on the credit of the house; he averred that the said bricks were furnished by the complainants to one Joseph G. Wilson, with whom the contract for furnishing the same was made, and to whom the credit

Watts *vs.* Whittington, *et al.*

was given. The respondent alleged that he purchased of the said Wilson the bricks used in the house and had long since paid him therefor, without notice of the complainants' claim. The respondent admitted that he ordered the paving bricks mentioned in the lien claim as having been delivered on the 6th and 7th of October, and that he owed the complainants for the same, and was ready and willing to pay. The respondent denied the validity of the complainants' lien claim, and their right to file a lien claim under the provisions of the mechanics' lien law for the paving bricks, and denied also their right to file their bill. The case is further stated in the opinion of this Court. The Circuit Court (GILMOR, J.,) passed a decree in favor of the complainants. From this decree the respondent appealed.

The cause was argued before BARTOL, C. J., STEWART, MILLER and ROBINSON, J.

*Luther M. Reynolds,* for the appellant.

*Fielder C. Slingluff,* for the appellees.

MILLER, J., delivered the opinion of the Court.

This is a proceeding in equity to enforce a mechanics' lien for bricks furnished in the erection and construction of a certain house, of which the appellant was owner or reputed owner. The bill of particulars or account accompanying the lien claim and filed with it, is made out against the appellant, and shows items for bricks commencing on the 17th of June, 1873, and the last item charged is of the 7th of October, 1873. This account also shows that items consisting of *common* bricks were charged as having been furnished and delivered at short intervals between the 17th of June and the 12th of July. There is then a long interval to the 6th of October, when

on that and on the following day there are two charges for
*paving* bricks amounting to $18. The lien claim was
filed on the 16th of March, 1874, within six months after
the date of the last item, but *more than* six months after
the 12th of July, 1873.

One of the principal defences relied on is that the
common or house bricks were furnished by the complain-
ants under a contract with one Wilson, and not with
Watts, the appellant, and that the latter contracted with
the complainants only for the two items of paving bricks,
and hence there can be no lien on account of the furnish-
ing of the common bricks, inasmuch as the claim for them
was not filed in time. This is without doubt a good
defence if sustained by the proof; for it is well settled that
if materials are furnished under *distinct contracts*, though
to be used for the same purpose, or by the contractor in
executing one and the same contract with the owner, the
right to take the lien must date from the time of furnish-
ing the different parcels of material, and not from the
last item in the account. *German Lutheran Church vs.
Heise & Co.*, 44 *Md.*, 470. We have examined the evi-
dence in the record, and our conclusion from it is that the
bricks, or at least the common bricks, were furnished
under a contract with Wilson, and that Watts only
ordered the two items of paving bricks. The preponder-
ance of testimony is to that effect, Wilson and Watts both
so testify. Amos, one of the complainants, testifies to the
contrary. In this state of direct conflict in the testimony,
we must accept that of the two witnesses as entitled to the
greater weight, unless we can clearly see they are mis-
taken or that their testimony is false, and that conclusion
we have been unable to reach from anything that appears
in this record. It follows there can be no lien for the
materials furnished in June and July.

For those furnished in October we think a lien does
exist. The appellant's counsel has contended that these
paving bricks were used in paving a walk around the

house on which the appellant originally designed to plant grass plats, and that this pavement formed no part of the house or of the way of egress or ingress to it, and was not essential or incidental to the proper enjoyment of the house as a building or mansion, but was merely a matter of caprice or taste; and he insists that for such an ornamental improvement no lien is given by the statute. But whether there can be a lien for an improvement of this character around a house we do not propose to decide in this case. In order to raise that question, it must appear that the party furnishing the materials knew they were to be used, or contracted to furnish them, for such a purpose. There is no evidence in the record to sustain that position. The only thing proved is that *paving* bricks were ordered and furnished for this house, and these may as well be used for purposes essential to the building as for an ornamental pavement. Besides, it is well settled, that if there be a *bona fide* sale and delivery of materials for a building, it is immaterial whether they were used in its construction or not. *Greenway vs. Turner*, 4 *Md.*, 296.

As to the objection that the claim for these paving bricks cannot be more than twenty dollars, which is a sum below the jurisdiction of the Circuit Court, that is answered by the provisions of the law that any person furnishing work or materials, or both, shall be entitled to the lien "without regard to the amount of his claim," (*Code, Art.* 61, *sec.* 14,) and that the proceedings to recover the amount of any lien shall be by *bill in equity* or by *scire facias*. *Code, Art.* 61, *sec.* 24.

It follows that the decree appealed from must be reversed and the cause remanded in order that the decree may be so modified as to establish and enforce a lien for the materials furnished on the 6th and 7th of October, 1873.

*Decree reversed, and*
*cause remanded.*

(Decided 26th March, 1878.)