Kenly, use of Otto *vs.* The Sisters of Charity of St. Joseph, *et al.*

(Decided 11th March, 1885.)

---

BENJAMIN FRANKLIN KENLY, use of JOHN A. OTTO *vs.* THE SISTERS OF CHARITY OF ST. JOSEPH, and others.

*Mechanics' Lien—Notice by Lien claimant.*

When a material man furnishes materials to an architect or builder, who is not the owner of the land on which the building is being erected, and he desires to claim a mechanics' lien on the land for the materials, it is necessary for him to give the owner notice of such claim within sixty days from the time when the materials were furnished.

Kenly, use of Otto *vs.* The Sisters of Charity of St. Joseph, *et al.*

Such notice must be served on the owner or his agent personally, unless personal service is impracticable on account of absence, or other cause, in which case it may be placed on the building.

It must be shown affirmatively that the personal notice was impracticable, before a notice placed on the building will be held sufficient.

The claimant of the lien cannot elect between giving the personal notice and placing it on the building. He can only do the latter when the former is impracticable on account of the absence of the owner or agent from the county or city.

A notice is not amendable after the expiration of the sixty days.

APPEAL from the Circuit Court for Baltimore County, in Equity.

This appeal was taken from a decree dismissing the bill of complaint. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, IRVING, and BRYAN, J.

*Winfield J. Taylor,* for the appellant.

*Samuel Snowden,* for the appellee.

STONE, J., delivered the opinion of the Court.

As this case stands before us, it is the case of the appellant against the Sisters of Charity of St. Joseph. It is a bill filed to enforce a mechanics' lien against a house and lot, owned by the Sisters of Charity of St. Joseph, a corporation formed under the law of this State. We must deal with it as against that corporation, and the only question before us is, whether the appellant has a valid mechanics' lien on the house and lot, owned by the Sisters of Charity of St. Joseph?

This case turns upon the question of notice. The claimant, by his agent, placed a notice of his claim on

the building. The notice was addressed to "The St. Mary's Female Orphan Asylum," owners or reputed owners of the property. The name, "The St. Mary's Female Orphan Asylum," was over the gate. It does not appear what relation the asylum bore to the "Sisters of Charity of St. Joseph." *It is probable* that the Sisters kept an orphan asylum in that building. But whether that was so, or the orphan asylum was a distinct corporation does not appear. When the agent of the claimant placed the notice on the building he rapped at a door, and it was opened by a Sister of Charity, and he shewed her the notice. But he did not know what position or authority, if any, she held in the establishment.

A mechanics' lien exists, and is operative by virtue of statutory law only, and unless the substantial requirements of the law are observed, the claimant is beyond the scope of the remedy. While the Courts are always prepared to construe the law liberally, and as remedial in its nature, and to allow all proper and necessary amendments to be made, yet all the proceedings must be in substantial accord with the main requirements of the statute.

This is a claim by a material man, for materials furnished to the architect and builder of an addition to the house. There is no pretence that the materials were furnished to the owner of the house and lot. The ground was owned by the "Sisters of Charity of St. Joseph," having been deeded to them by a deed, duly recorded in Baltimore County. A gentleman, named Hanson, in no wise connected, either by agency or otherwise, with the Sisters, except that he was their friend, undertook of his own accord, and without their solicitation or aid, to build for them an addition to their house, on this lot of ground. It was an act of charity on his part entirely, and he, Hanson, contracted with Mr. Teal to build the addition. The Sisters had nothing whatever to do with the building of this addition, except to thank the donor for his generous gift.

In such a case before the owner could be held liable for a mechanics' lien, two things are made essentially necessary by the statute. One is, that a notice should be given to the owner within sixty days from the furnishing the materials; and the other is, that the lien claim shall be filed within six months after the materials have been furnished. Code, Art. 61, secs. 11 and 23. Before any lien claim can attach in a case like this, where the owner has, in fact, nothing to do with the erection of the building, our statute imperatively requires that within sixty days from the date of furnishing the materials, the claimant must give the owner or agent notice in writing of his claim. If such notice *cannot* be given on account of absence, or other causes, then the claimant may place said notice on the building. Code, Art. 61, secs. 11 and 12.

The foundation of the lien, in a case like the one before us, is the prior notice to be given to the owner. It is required for the protection of the owner, who is authorized to retain in his hands the amount due to the party giving the notice. It must be given in writing and served on the owner, or his agent, if they are resident of the city or county where the building is erected. If such notice cannot be given personally on account of absence, or other causes, the claimant may then place the notice on the building. It was the primary object in sections 11 and 12 of Art. 61, that the notice should be served on the owner personally, and the notice on the building was only allowable when the personal notice could not be given. The claimant was not allowed his option, either to serve the notice on the owner, or to stick it on the building. He is only allowed to do the latter, when he *could* not do the former.

But there is no evidence in this record to show, that both the owner and its agent were absent from the county, where the building was erected. The record is silent

upon that point. Before the claimant can rely upon the notice attached to the building he must show affirmatively that there was no owner or agent in Baltimore County, or that there were other causes *why* the notice could not be served personally. The *secondary* mode of giving notice, by placing it on the building, can only be resorted to when it is shown that the primary mode pointed out, of giving notice personally, is impracticable. This rests upon the sound principle, recognized everywhere, that before secondary evidence is admissible, it must be shown, that the primary or best evidence, is out of the reach of the party claiming its benefit.

The only evidence in the record is that of the agent of complainant, who says that he was *not satisfied* who the owners were, and he thought it the *safest plan* to tack the notice on the premises. It does not appear that any search was made to find who the true owners were, or their residence.

It may be, and no doubt is, in most cases, more convenient for the claimant to stick a notice on the building ; but the statute does not authorize it, until it is shown that the absence of the owner or agent, or other causes, render the personal service impracticable.

The notice that is placed on the building must be of the same character as that personally served. It must be addressed to the owner or agent. Nor can we see how a notice can be given to the owner in either mode, except by naming him.

It appears, from the record in this case, that the property sought to be charged belonged to a corporation, whose corporate name is "The Sisters of Charity of St. Joseph." It also appears, from the record, that the notice was addressed to the "St. Mary's Female Orphan Asylum" owners or reputed owners of the property.

If we admit to its fullest extent that a notice, served *on the right person by the wrong name* is sufficient, the case

of the appellant is not helped by such admission. There is absolutely no evidence that the person who took the notice from the building and who was informed of its contents, had any connection with the "Sisters of Charity of St. Joseph." She may have been but a servant, from aught that appears.

It is hardly necessary to add that the notice is not amendable under the 41st section of the Act. The amendments allowed commence with and include the lien claim that is required to be recorded. It would hardly be contended that under any circumstances, a notice placed on a building and directed to one person or body corporate, could be changed six years after, and made by amendment operative against another. Such a proceeding would completely nullify the 11th section of the statute.

Being therefore of opinion that the notice in this case was not sufficient to bind "The Sisters of Charity of St. Joseph," the owners of the land, we must affirm the decree.

*Decree affirmed, with costs.*

