## CHARLES R. CLARK *vs.* MARY E. BOARMAN.

*Mechanics' Lien—Bill to Enforce Against Married Woman—Work Done Under Separate Contracts—Claim Must State Time of Doing Work.*

Apart from the Act of 1898, ch. 457, when a bill is filed to enforce a mechanic's lien against the property of a married woman, her husband should be made a party defendant.

When materials are furnished or work done under distinct contracts the material man or mechanic is not entitled to a lien under all the contracts by simply accounting from the date of the last item of one of them.　He must file his lien-claim within six months after the work is finished or the materials furnished under each contract.

A lien-claim which includes work done and material furnished under two or more separate contracts should state the dates for each, and a mere statement that the work has been finished and materials fur-

nished within less than six months before filing of the claim is not sufficient.

When money is paid by a person indebted on a lien-claim and also on another claim not secured by lien, and no apportionment thereof is made, the law will apply the payment to the lien-claim as being the most burdensome obligation.

Appeal from a decree of the Circuit Court for Charles County (MERRICK, J.), dismissing bill of complaint.

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD and SCHMUCKER, JJ.

*Adrian Posey*, for the appellant.

*L. Allison Wilmer*, for the appellee.

BOYD, J., delivered the opinion of the Court.

The bill was filed in this case by the appellant to enforce what is claimed to be a lien against the property of the appellee, under Article 63 of the Code of Public General Laws, entitled " Mechanics' Lien." The account filed with the lien includes six charges, amounting to $1,922.50, and has a number of credits which leave a balance alleged to be due of $302.50. The first item is for $1,600.25, the cost of material and work done in building a frame house of the dimensions therein set out; the next four are for extra work done and materials furnished for that house, and the last is for building four outhouses for which the charge of $200.50 is made. A written agreement was executed between the appellant and appellee, whereby the former undertook to erect a house, according to a plan thereto annexed, for the sum of $1,400.00. Subsequently they agreed that the back building should be made larger than originally contemplated, and one of the differences between the parties is the amount to be allowed for that change, which we will have occasion to refer to.

Amongst other objections to this proceeding, made by the appellee, is the fact that she was a married woman at

the time the contract was made, and still continued to be, but her husband was not made a party to the bill. She purchased the property from E. S. Gardner, who conveyed it to her by a deed which is not set out in the record, but which we understand to be an ordinary deed conveying a statutory separate estate in the property to Mrs. Boarman— as at the argument it was so treated. It is not contended that the appellant could not file a lien against the buildings erected on the land belonging to the appellee because she was a married woman, but that it cannot be enforced by a bill in equity without making her husband a party. It is said in *Miller's Equity Procedure*, section 16, that " subject to a few exceptions, a married woman cannot be sued in equity without the joinder of her husband as a co-defendant," and that author adds, " the most usual exceptions are in cases where the wife is defendant in a suit brought by her husband, and when by statute she may be sued as if unmarried." Our mechanics' lien laws authorize the enforcement of a lien-claim by a bill in equity or *scire facias*, and Section 25 of Art. 63 provides that " if the proceeding is by bill in equity, the same proceedings shall be had as used by the Courts of Equity to enforce other liens," etc. Independent of the Act of 1898, chapter 457, which is not applicable to this case, and therefore need not be c onsidered, the husband should be made a co-defendant in a proceeding in equity to enforce other liens against property held as this is by a married woman, and therefore by the very terms of the statute, which we have quoted, the proceeding in equity to enforce a mechanics' lien should follow that practice. The bill was therefore defective in not making the husband of the appellee a co-defendant, but if that were the only difficulty in the way of recovery by the plaintiff we could remand the case for the purpose of having the proceedings amended, and we will therefore consider the other objections.

There is no difference between the parties as to the terms of the original contract, but they do materially differ

as to the amount to be paid for the change in the size of the back building. The plaintiff testified that the defendant agreed to pay him for any costs necessary in making the change, which he says was $200.25, while the defendant claims that he agreed to make the change for $65.00, and she is corroborated as to that by two other witnesses. She concedes that the extra charge for whitecoating the house is correct, but they differ as to the other items in the account. The preponderance of the evidence sustained her as to the extra charge for the back building, and if it be conceded that the plaintiff is correct as to the other items, excluding the four small outbuildings of which we shall speak directly, his account would only amount to $1,586.75. It is admitted that the defendant has paid $1,620.00—being $33.25 more than was thus due for the dwelling house and extra work done on it. They practically agree as to the charge for the outbuildings—the defendant admitting that she agreed to pay the plaintiff $200.00, whilst he only charged $200.50.

Section 19 of Art. 63, in stating what a claim under the mechanics' lien law shall include, provides, amongst other things, that it shall set forth " the amount or sum claimed to be due, and the nature or kind of work or the kind and amount of materials furnished, and the time when the materials were furnished or the work done." The lien-claim filed in this case states that the work was done and materials furnished " at the particular times, and of the nature or kind and amount, and for the prices set (out) in the bill of particulars hereto annexed." The only date given in the bill of particulars is at the beginning of the account where the figures " 1895 " are placed opposite the names of the parties. It is true that the claim states that the " work has been finished and materials furnished within less than six months before the filing of the same," and it was filed June 14, 1895. But there is nothing whatever to show what work was done or what materials were furnished within the six months. The plaintiff testified that he fin-

ished the work January 11, 1895, and his account shows that he received $1,400.00 during the year 1894. The contract for the house was made on the 30th day of August, 1894, and by it he agreed to build it within one hundred and twenty days from that date. He explained that he did not finish the work within that time on account of the changes made by the defendant, but there is not a particle of evidence to show that these four outhouses were built within six months from the filing of the lien-claim. After speaking of the changes made by the defendants he testified that " while I was at work on these buildings she would agree with me about making other changes and building other buildings," but he utterly failed to show *when* he built the outhouses. In the claim filed he apparently proceeded on the theory that it was all one contract, and filed a lien against the dwelling and the four outhouses, together with " the land covered by the said buildings and the other land immediately adjacent thereto," etc. But the dwelling was erected under one contract, and the outhouses under others. When materials are furnished and work is done under *distinct contracts*, the material man or mechanic is not entitled to a lien to secure himself under all the contracts by simply counting from the last item of one of them. He must file his lien within six months after the work is finished or the materials furnished *under each contract*. *Trustees of German Lutheran Church* v. *Heise*, 44 Md. 474; *Watts* v. *Whittington*, 48 Md. 356; *Brick Company* v. *Dunkerly*, 85 Md. 211.

That being so, it is apparent that a lien-claim which includes work done and materials furnished under two or more separate contracts should give the dates for each, and a mere statement that the work " has been finished and materials furnished within less than six months before filing of the claim " is not sufficient. It may be true that work was done and materials were furnished under one of the contracts within the six months, but if more than six months had expired since the work was done or materials

furnished under the other contracts, the lien would not attach as to them. If the dwelling was completed more than six months before the claim was filed, the lien could not attach for any balance due for it, and if the outhouses were, then it would be of no avail as to them. So if it be conceded that some work was done, or materials furnished, within six months, it would be impossible to say under which contract, and hence the Court could not pass a decree.

The lien-claim itself was not only defective, but the evidence is equally so. The appellant says he finished the work January 11, 1895, but was silent as to the contract under which it was done. If in point of fact the outhouses were completed more than six months before the claim was filed, then, from what we have said, no lien could be filed for them, and if the payments made were applied to the contract under which the dwelling was erected, there would be nothing due on it, for we have seen that those claims amount to more than what we find the contract price, including the changes, amounted to. It is true there is no evidence as to how the payments were applied, but if no application was made by the parties, then, under the decisions in this State, the Court would apply them to the most burdensome debt, which would be that secured by the lien. *Frazier* v. *Lanahan*, 71 Md. 131. So there is not only a failure to comply with the statute in the statement of the lien-claim filed, but the evidence wholly fails to establish such a case as would authorize the Court to enforce this claim as a lien against the property, and the decree will therefore be affirmed.

> *Decree affirmed, costs to be paid by the appellant.*

(Decided June 20th, 1899).