JOHNSON *v.* METCALFE ET UX.

[No. 144, October Term, 1955.]

*Decided April 9, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Robert E. Bullard* for the appellant.

No brief and no appearance for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a decree dismissing appellant's, Henry B. Johnson, Junior's, bill to enforce a mechanic's lien.

On June 9, 1950, Henry B. Johnson, Jr., appellant, entered into a contract with the Clagett Construction

Company for electrical work in a residence at English Village, Lot 13, Block 9, owned by Floyd C. Metcalfe and May Belle Metcalfe, his wife, appellees, in Montgomery County, Maryland, according to certain plans and specifications, for the amount of $473.75. This contract contained the following specifications: "88 regular outlets, Circuit to heating plant, Bell-ringing circuit, Ceiling-type kitchen vent fan on switch, Circuit to electric sink, Three telephone outlets, Mercury switches." Mr. Clagett died before this work was completed. On August 6, 1951, Henry B. Johnson, Jr., entered into a contract with Floyd C. Metcalfe to take over and complete the balance of the Clagett contract for $173.75 and to install twelve additional outlets for $51.00, the total amount of that contract being $224.75. The contract provided that upon completion of said work the balance owing would be paid. Both contracts provided: "All work to be done according to the National Electrical Code of the National Board of Fire Underwriters for Electric Wiring, and local codes and ordinances pertaining to wiring and electrical installations." After the original contract was made, Johnson claimed that numerous changes were made in the specifications and additional work was ordered by the Metcalfes.

The account not having been paid, the appellant on April 10, 1952, filed his mechanic's lien in the Circuit Court for Montgomery County. This claimed a lien against the house and lot in English Village, Lot 13, Block 9, 7318 Bradley Boulevard, Bethesda, Maryland, for the sum of $432.50, "due and payable to him for work and materials furnished by him in and upon the said house within 6 months last past for Floyd C. Metcalfe and May Belle Metcalfe, his wife, the owners or reputed owners of said house, the nature and details of which work and materials furnished are more particularly set forth in the annexed account, made a part hereof." The annexed account was as follows:

"March 3, 1952

7318 Bradley Blvd., Lot 13, Blk. 9

| | |
|---|---|
| Contract price | 224.75 |
| 21 additional outlets (117 total, contract 96) | 89.25 |
| Circuit to dryer | 30.00 |
| Relocate thermostat 12/30 | 5.00 |
| Move hall light 12/30 | 5.00 |
| Move 2 telephone outlets 10/2 | 20.00 |
| Hang 31 regular fixtures, 2 recessed incandescent, and 8 fluorescent fixtures | 49.00 |
| Furnish and hang 4 pull chains, 2 keyless fixtures | 7.50 |
| Temporary final permit | 2.00 |
| Balance due | $432.50" |

Also filed with the mechanic's lien claim was the original Clagett contract and the contract between the appellant and the appellees.

This lien not having been paid, the appellant on October 23, 1952, filed a bill of complaint against the appellees to enforce that lien. In the bill of complaint, among other things, the appellant stated in paragraph 4 that he had "* * * duly filed with the Clerk's office of the Circuit Court for Montgomery County, Maryland, his claim as a lien against the said dwelling house and lot of ground upon which it was erected, which claim contains an accurate description of the location of the said property and sets forth the nature, kind and amount of materials furnished by him for the erection and construction of said dwelling house, the time when and the prices for which the same were agreed to be furnished and the amount claimed to be due, and he files herewith as a part hereof a duly certified copy of said lien claim, whereby it appears that there is due him the sum of $432.50."

An answer to the bill of complaint was filed by the appellees in which they admitted the contract in the

amount of $224.75. They denied that the work was done properly and said that they were forced to spend the sum of $280.00 to have the work done in the manner contemplated by the contract. They stated that all the work requested by them was set forth in the contract of August 6, 1951, except that they requested the appellant to relocate a thermostat at a cost of $5.00, which work was improperly done. The appellees admitted the allegations contained in paragraph 4 of said bill in reference to the filing of a mechanic's lien by the appellant, but denied that they owed any money on said claim. The appellees make no objection to the form, filing or sufficiency of the claim as filed. They state that the appellant did not properly do the work, that they ordered no additional materials, and that they owed him nothing.

Testimony was taken before an examiner and submitted to the chancellor. Although no objection was made to the sufficiency of the mechanic's lien claim, the chancellor found that the work was done under distinct contracts and the statement that the work was finished on January 18, 1952, or that the work was finished and the materials were furnished in less than six months before the filing of the claim, was not sufficient to bring the claim within the six months period of limitations provided by Code, 1951, Article 63, Section 23. The chancellor relied on *Trustees v. Heise,* 44 Md. 453, 474; *Watts v. Whittington,* 48 Md. 353, 356; and *Clark v. Boarman,* 89 Md. 428, 43 A. 926. The decree, therefore, dismissed the bill of complaint. From that decree the appellant appeals.

Of course, as stated in the above cases, where materials are furnished or work done under distinct contracts, the material man or mechanic is not entitled to a lien under all the contracts by simply an accounting from the date of the last item of one of them. He must file his claim within six months after the work is finished or the materials furnished under each contract. There is no claim here by the appellees that there was more than one contract in the case or that the mechanic's lien was not filed in time. The parties contemplate one entire matter for

settlement. *District Heights Apts. v. Noland Co.*, 202 Md. 43, 52, 95 A. 2d 90; *T. Dan Kolker v. Shure*, 209 Md. 290, 121 A. 2d 223. In fact in the pleadings they rely on a single contract. In their answer, as above stated, they admit appellant's allegations as to the filing, form, and sufficiency of the mechanic's lien claim. They claim merely that the appellant did not properly do the work or furnish all the materials claimed. The pleadings limit the question to whether appellees owe the appellant any money.

The appellant testified as to the work done by him as specified in his account. Appellant's wife, who stated that she kept the records in his office, testified as to the materials ordered by the Metcalfes. She admitted that before the work was completed Mr. Metcalfe called and asked her to have a man come over to finish the job. At that time everything was finished except "two or three little things." Their man tried several times and could not get in the house because it was locked. No complaint was made about the work done. Rowland I. Bragen, an employee of the appellant, after looking at the plans and specifications, testified that he worked on the job and knew of nothing that had not been completed. He said one hundred and seventeen outlets were installed in the house. Earl Howard, another employee of the appellant, testified that Mrs. Metcalfe ordered additional work done and made certain changes in the plans. Mr. Robert Millard, a certified public accountant called by the appellant, testified that he spoke to Mrs. Metcalfe regarding Mr. Johnson's account and also spoke once to Mr. Metcalfe. He testified that Mr. Metcalfe objected to the work and Mrs. Metcalfe said that more work was to be done. Mr. Metcalfe said he was not going to pay the account until all the work was done. Mr. John Clibber, electrical inspector for Montgomery County, Maryland, called by the appellant, testified that he inspected the premises and counted one hundred and seventeen outlets there. Mrs. Metcalfe showed him the work that was done by someone other than Mr. Johnson. He said the electrical work in the house met with Montgomery County approval, it was

"perfectly all right." He also said that the workmanship complied with the plans and specifications.

Mr. Metcalfe testified that Mr. Johnson did not complete the work called for and that it was not done satisfactorily. He employed Mr. Mack Winn to complete the work and Mr. Braxton Godwin did the work for Mr. Winn, and he paid Mr. Winn $120.00 for that work. Mrs. Metcalfe testified that Mr. Johnson's work was not satisfactory and that when they moved in the house on January 19, 1952, four or five of his electricians were putting in wiring. This was three months before the mechanic's lien claim was filed. Because of the unsafe condition of this wiring they felt it necessary to call in Mr. Mack Winn to finish the job. Mr. Godwin worked for Mr. Winn. Mr. Winn was paid $120.00 to complete the work. Mr. Godwin, called by the appellees and who did the work for Mr. Winn, testified that he completed the job and that he did not see anything wrong with the wiring done by Johnson. There was trouble with the dishwasher and the outlets in the patio. When asked the question: "Other than the insertion of these two receptacles in the patio, replacement of the starters, was there anything necessary because of defective or deficient workmanship in the electrical system in the house?", he answered: "I would say the fluorescent lights did not work, and the outlets in the laundry room were the only things." He said he put three or four outlets in the laundry room.

It has been stated many times by this Court that the mechanic's lien law is to be interpreted in the most liberal and comprehensive manner in favor of mechanics and material men. *Blake v. Pitcher,* 46 Md. 453, 464; *Real Estate Co. v. Phillips,* 90 Md. 515, 527, 45 A. 174; *Fulton v. Parlett,* 104 Md. 62, 64 A. 58; *Caltrider v. Isberg,* 148 Md. 657, 668, 130 A. 53; *Bounds v. Nuttle,* 181 Md. 400, 406, 30 A. 2d 263; *Kolker v. Shure, supra.* It is evident from the testimony that the contract was changed in some respects and certain additions were made to it. For instance, the contract called for one hundred outlets and there is reliable testimony from the electrical in-

544

spector that one hundred and seventeen outlets were installed and that the wiring was all right. However, it appears that it was necessary for the Metcalfes to employ Mr. Mack Winn to complete the work and that he was paid $120.00 to do so. A contractor, of course, is liable for breach of contract when he fails to perform work with skill and care. This is implied by law. *Gaybis v. Palm*, 201 Md. 78, 85, 93 A. 2d 269. We are, therefore, of opinion that the Metcalfes should be allowed a set-off of $120.00, the amount they paid Winn for Johnson's failure to properly complete the work. We will, therefore, reverse the decree of the chancellor and order that the appellees pay to the appellant the sum of $432.50 less $120.00, or the sum of $312.50, with interest from April 10, 1952, the date of the filing of the mechanic's lien. *Kolker v. Shure, supra.*

> *Decree reversed, and ordered that the appellees pay to the appellant the sum of $312.50, with interest from April 10, 1952, and costs.*