## BURDETTE *v.* BURROWS et ux.

[No. 279, September Term, 1961.]

*Decided May 10, 1962.*

Submitted on the brief to HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

Submitted by *Cecil E. Custer* and *Kieth L. Seegmiller* for appellant.

Submitted by *Alger Y. Barbee* and *Preston C. King, Jr.,* for appellees.

MARBURY, J., delivered the opinion of the Court.

The appellees, Joseph F. Burrows and Anna May Burrows, his wife, in 1955, purchased a small farm near Goshen, Montgomery County, Maryland, consisting of a house, outbuildings and approximately twenty-six acres. They desired to have the house remodeled, and engaged an architect licensed in Maryland to prepare a contract, plans and specifications for remodeling of the home. Upon preparation of these documents the architect invited bids. Two bids were received, one of which was submitted by J. Norman Burdette, the appellant,

that was accepted. The appellant was an experienced builder, having done considerable remodeling work on a contract basis, as well as on a cost-plus basis. Prior to executing the contract appellant submitted to appellees an estimate on a cost-plus basis to do the work. The appellees rejected this offer, but thereafter the appellees and appellant, on December 29, 1955, executed a formal contract, wherein it was provided that the entire project was to be completed by the appellant for an amount not to exceed $20,100, including a fixed fee of $2,000.

After the execution of the contract the remodeling work went forth pursuant to plans prepared by appellees' architect. Appellant submitted three requests for payment in connection with the work done pursuant to Article 4 of the written contract. Appellees paid these requests within two days after receipt of same. The total paid pursuant to the requests was $18,875.63 on account of the contract price of $20,100.

Appellees, during the course of remodeling, orally requested changes in the work subject to the contract and, in addition, other work unrelated to the contract. The reasonable value of the changes and additional work was about equally divided and in total amounted to approximately $3,000. The appellant did not make claim for the extra work in writing before executing it, contrary to the provisions of Article 8 of the general conditions of the written contract. This failure was subsequently waived by the appellees.

At the end of the remodeling work a dispute arose between appellees and appellant as to the balance due. The appellant claimed that the amount due him was $13,621.35; whereas the appellees, after adjustments for changes in the contract work and extras, claimed $3,120.08 to be the full balance due by them. Pursuant to Article 18 of the general conditions of the written contract, requiring the architect to make decisions on all disputed claims, appellant furnished the architect with a partial list of extras and requested the appellees' list of extras be furnished him. Such a list was furnished appellant by appellees. However, appellant, though he thus recognized the existence of a contract between the parties, refused to thereafter arbitrate his claims as required by Article 19 of the

general conditions of the contract, on the ground his records were not kept so as to permit him to determine what work was done pursuant to the contract and what was extra work.

On January 24, 1957, appellant filed a mechanics' lien in the amount of $13,621.35, and on August 5, 1957, filed a bill to foreclose the lien in the Circuit Court for Montgomery County, Maryland. Evidence was taken before an examiner at which time the appellant claimed the written contract was abandoned. The case was submitted to the trial judge upon the pleadings and evidence so taken and, after oral argument by counsel in the court below, the trial judge, on September 7, 1961, filed an opinion finding from the evidence in the case that the appellant had not met the burden of proving the rescission of the contract and that the same was binding upon the parties. He further found that the appellees admitted owing the sum of $3,110.70 for extras, but were entitled to a credit for items they purchased which had not been paid for by the appellant in the amount of $1,214.99, leaving a balance of $1,895.71. He concluded his opinion by providing that upon the payment of $1,895.71, with interest from August 5, 1957 (the date of the filing of the bill of complaint), the court would sign an order dismissing the bill of complaint, costs to be paid by the appellees, because they had failed to make a tender of the amount they admitted to be due, but had a legal tender been made these costs would have been charged against the appellant.

On appellant's motion for modification of opinion the trial judge passed an order on October 18, 1961, amending his opinion to the extent of conditioning his order dismissing the bill of complaint upon the payment by the appellees of $3,120.08, with interest from August 5, 1957, and costs.

It was shown that the appellees had paid to the appellant the amount found to be due, interest and costs required by the lower court's opinion, whereupon Judge Pugh, on October 23, 1961, signed an order dismissing the bill of complaint. It is from that order that this appeal is taken.

The appellant, in this court, contends: I, that the finding of the court below that the contract had not been abandoned

is clearly erroneous; II, that the evidence estops appellees from denying the written contract between the parties was abandoned; and III, that the court below erred in allowing interest from August 5, 1957, the date the bill of complaint to forclose the lien was filed, rather than from August 16, 1956, the date of the final invoice submitted, or in the alternative from January 24, 1957, the date the lien was filed.

## I and II

In a case such as this where the testimony is taken before an examiner who merely swears the witnesses and makes no findings of fact, and the chancellor does not have the opportunity to see and observe the witnesses, we are required to review substantially the same pleadings and evidence as does the chancellor, as they are disclosed by the record extract here, in determining whether his decision on the evidence is clearly erroneous. *Sewell v. Sewell,* 218 Md. 63, 145 A. 2d 422. Accordingly, we have carefully examined the record before us and agree with his finding that the contract had not been abandoned or rescinded. The rescission of a written contract by the oral agreement of the parties requires the same elements of mutual assent and consideration that are necessary for the formation of informal contracts. 6 Williston, *Contracts,* § 1826. See also 17 C.J.S., *Contracts,* § 389; 12 Am. Jur., *Contracts,* § 432. As this Court, in *Vincent v. Palmer,* 179 Md. 365, 373, 19 A. 2d 183, said:

> "To establish the rescission of a contract by implication, the acts relied upon must be unequivocal and inconsistent with the existence of the contract, and the evidence must be clear and convincing."

We find nothing in the record from which it could be inferred that the parties throughout their dealings acted in any way to indicate a repudiation of the written contract. On the contrary, their transactions were entirely consistent with its terms. It was clear that the appellees specifically declined to enter into a cost-plus contract and insisted upon a definite cost for the work, which included a fixed fee of $2,000. It was not until the appellant found that perhaps he had underestimated

the cost of labor and materials in executing the work and of his compensation therefor, that he unilaterally attempted to rescind the contract and base his claim upon a cost-plus basis. This, of course, he could not do. Where the parties have dealt at arm's length and no unconscionable conduct exists one party, who considers himself to have made a bad bargain, cannot alone shift the burden of that result upon the other contracting party. The mere fact that the appellees obtained the improvement of their property through the performance of a contract by the appellant, who perhaps underestimated the costs of labor and materials, would not have justified the court in holding that they were estopped to deny the rescission of the contract. In claiming rescission of the contract after the completion of the work, the appellant is merely attempting to recoup his losses due to his bad bargain.

### III

With reference to the allowance of interest from August 5, 1957, the date of the filing of the bill of complaint, we find that the chancellor was in error. Under previous decisions of this court, interest should have been allowed from the date of the filing of the mechanics' lien for record, which was January 24, 1957. *Eastover Stores, Inc. v. Minnix,* 219 Md. 658, 677, 150 A. 2d 884; *T. Dan Kolker, Inc. v. Shure,* 209 Md. 290, 303, 121 A. 2d 223; *Hensel v. Johnson,* 94 Md. 729, 737, 51 Atl. 575. The interest at six per cent from January 24, 1957, to August 5, 1957, on $3,120.08, amounting to $99.32, should have been allowed, so that the order of the court below dismissing the bill of complaint must be modified to include this additional interest.

> *Order modified and as modified affirmed.*
> *Costs in this court to be paid one-half*
> *by the appellant and one-half by the*
> *appellees.*