ACCROCCO ET UX. *v.* FORT WASHINGTON
LUMBER COMPANY, INC.
t/a Ford Lumber Company

[No. 60, September Term, 1969.]

*Decided December 2, 1969.*

The cause was argued before HAMMOND, C. J., and
BARNES, FINAN, SINGLEY and SMITH, JJ.

*Robert J. Woods* for appellants.

*Marvin M. Klein* for appellee.

PER CURIAM.

Mr. and Mrs. Accrocco would have us reverse a de-
cree entered by the Circuit Court for Prince George's
County enforcing a lien claimed by Fort Washington
Lumber Company, Inc. (the Lumber Company) in the
amount of $6,519.19, with interest and costs, for goods
and materials furnished by the Lumber Company in con-

nection with the construction of a house owned by the Accroccos at 814 Pocahontas Drive, Fort Foote.

The Accroccos concede that the mechanics' lien claim was in proper form and was filed within 90 days of the time when the last materials were furnished. They challenge the validity of the claim, because they say that when materials have been contracted for by a person other than the owner, the mechanics' lien law, Maryland Code (1957, 1968 Repl. Vol.) Art. 63, § 11 (a), requires that written notice of intention to claim a lien be given to the owner and they read the law to mean that such notice must be given prior to the filing of the claim.

Code Art. 63, § 11 (a) provides:

> "If the contract for furnishing such work or materials, or both, shall have been made with any architect or builder or any other person except the owner of the lot on which the building may be erected, or his agent, the person so doing the work or furnishing materials, or both, shall not be entitled to a lien unless, within ninety days after furnishing the same, he or his agent shall give notice in writing to such owner or agent, if resident within the city or county, of his intention to claim such lien."

Code Art. 63, § 23 requires that the lien claim be filed within six months after the work has been finished or the materials furnished. Art. 63, § 28 requires that proceedings for the enforcement of the lien must be commenced before the end of two years from the day on which the claim was filed.

What happened here was that the Lumber Company wrote to the Accroccos on 14 February 1968, giving notice of its intention to claim a lien, and enclosing a copy of the lien claim. The lien claim was filed with the court clerk at 10:17 a.m. on 15 February 1968. Mr. Accrocco received the Lumber Company's letter at 2:30 p.m. on the same day.

684

The Accroccos would have us hold that receipt of notice by the property owner is a condition precedent to the *filing* of the claim. The mechanics' lien law does not say this, nor do the cases on which the Accroccos put their principal reliance, *William Penn Supply Corp. v. Watterson*, 218 Md. 291, 146 A. 2d 420 (1958); *Bukowitz v. Maryland Lumber Co.*, 210 Md. 148, 122 A. 2d 486 (1956); *Kenly v. Sisters of Charity*, 63 Md. 306 (1885). As we read the cases, what they do say is succinctly put in the *Kenly* case, 63 Md. at 309:

> "* * * [B]efore the owner could be held liable for a mechanics' lien two things are made essentially necessary by the statute. One is that a notice should be given to the owner within sixty [now ninety] days from the furnishing [of] the materials, and the other is that the lien claim shall be filed within six months after the materials have been furnished."

The Lumber Company did both, in each case within the time specified by Art. 63. *Compare Hess v. Poultney*, 10 Md. 257, 268 (1856).

*Decree affirmed, costs to be paid by appellants.*