Treusch and O'Connor *vs.* Shryock & Clark.

(Decided 25th March, 1879.)

---

CHARLES TREUSCH and MATTHEW O'CONNOR *vs.* T. G. SHRYOCK and GEORGE L. CLARK.

*Enforcement of a Mechanic's Lien against the Owner's Property, where the Materials were furnished the Contractor— What Evidence admissible in such a Proceeding—When the Contractor's Declarations are inadmissible—Proof of Delivery of Materials—Notice of Intention to Claim a Lien— Statement required by the Code, Art. 61, sec. 19—When Delivery of Materials not to affect Owner—When the Right of Material Man to his Lien, not affected by Relations of Owner and Builder to each other—Delivery of Materials under a Continuous Contract.*

The right to enforce a mechanic's lien against the property of the owner, in the case of materials furnished his contractor, is not founded upon privity of contract with the owner, but rests solely upon statutory law. The lien attaches upon delivery of the materials, and upon compliance on the part of the material man with the provisions of the law, and this too, irrespective of a contract either express or implied, on the part of the owner.

Evidence is admissible in a proceeding to enforce a mechanic's lien against the property of the owner, to prove the nature of the contract with the builder, under which materials were delivered, although knowledge of such contract was not brought home to the owner.

Treusch and O'Connor *vs.* Shryock & Clark.

Where a lien is claimed upon the property of the owner for materials furnished a contractor, and the question is, whether the building was finished and accepted, at the time of the delivery of the materials charged, the declarations of the contractor not made in the presence of the owner, cannot be offered in evidence to bind the latter.

Although the relation between the parties is not one of agency, yet the statute provides that the building shall be liable for materials furnished the contractor, and his receipt for such materials being part of the *res gestæ*, and being also against his interest, may be offered in evidence to prove delivery.

The object of a notice of intention to claim a lien is to enable the owner of the property to retain whatever money may be due the contractor, and to apply the same to the payment of the lien claimed. The law requires, that such notice shall be signed by the party furnishing the materials or his agent. Such a notice is not liable to objection on the ground that it was signed by the attorneys of the material men, provided it was done with the latters' authority.

In a claim filed by a material man, all the matters required to be stated by Art. 61, sec. 19, of the Code, should be clearly and distinctly set forth.

If the houses against which a lien was filed were finished, and if the contract between the owner and the contractor was at an end, and the relation of contractor and owner did not exist at the time of the delivery of the materials, then such delivery could not in any manner affect the owner. This is a question to be submitted to the jury.

The right of the material man to his lien does not depend on, nor is it in any manner affected by the question, whether the owner has or has not money in his hands due the builder, nor whether the former has performed his part of the contract with the latter.

If materials for buildings were delivered to the builder under a continuous contract, the Court has no right in a proceeding to enforce a mechanic's lien to exclude certain items, on the ground that they were delivered at long intervals. Such deliveries were matters for the consideration of the jury, in determining whether the materials were furnished under a continuous contract or under separate contracts with the builder.

APPEAL from the Superior Court of Baltimore City.

This was a proceeding in the Court below by the appellees to enforce a mechanic's lien claim filed by them

against certain houses in said city, belonging to Treusch, the appellant, and built for him by O'Connor, the co-appellant.

*Exceptions.*—There were four exceptions taken by the defendant, Treusch, which are sufficiently set forth in the opinion of the Court.

The notice of intention to claim a lien mentioned in the opinion of the Court is as follows:

CHARLES TREUSCH:—Take notice, that we intend to lay a lien against all those five three-story brick dwellings, with two-story back buildings, situated in the city of Baltimore, on the west side of Eden street, beginning about 150 feet south of Baltimore street, running thence southerly, together with the lots of ground and curtilages thereto appendant, for the sum of nine hundred and fifty-three $\frac{21}{100}$ dollars, in accordance with the Code of Public General Laws, Art. 61, &c., *title " Mechanics' Lien,"* of which houses and lots you are the owner or reputed owner, said claim being for lumber furnished in and about the erection and construction of said houses, at the instance and request of Matthew O'Connor, the contractor, within sixty days last past, and the sum of $190.64½ is to be apportioned against each of said houses.

SLINGLUFF & SLINGLUFF,
*Atty's for Shryock & Clark.*

The lien claim mentioned in the opinion is as follows:

BALTIMORE, *March 9th,* 1877.

T. J. Shryock & George H. Clark, copartners, trading as Shryock & Clark, lumber merchants, of Baltimore city, State of Maryland, file this their claim of Mechanics' Lien for the sum of $953.21, against all those five three-story brick dwellings and two-story back buildings, situate on the west side of Eden street, having a front each of sixteen feet. The first thereof being one hundred feet south of the

Treusch and O'Connor *vs.* Shryock & Clark.

south side of East Baltimore street, and the others adjoining in regular order southward. Being each situate on lots laid off sixteen feet front by one hundred and twenty feet deep. Together with the lots of ground and curtilage appendant thereto, which are included in a deed from John B. Wentz, &c., trustees, to Charles Treusch, recorded among the Land Records of Baltimore city, in Liber G. R., No. 750, folio 13, &c.

Beginning for the first thereof on the west side of Eden street one hundred feet south of Baltimore street; thence south on Eden street sixty feet; thence west one hundred and twenty feet;—north sixty feet, east one hundred and twenty feet, to the beginning; subject to a ground-rent of $120.00.

Beginning for the second on the west side of Eden street one hundred and sixty feet south of Baltimore;—thence south twenty feet; thence west one hundred and twenty feet; thence north twenty feet; thence east one hundred and twenty feet, to the beginning: in fee; of which said houses and lots, Charles Treusch is the owner, or reputed owner, and Matthew O'Connor, the contractor; said claim being for work done and materials delivered in and about the erection and construction of said houses, at the special instance and request of the said Matthew O'Connor, within six months last past. The nature of which work and materials appearing from a bill of particulars filed herewith as a part hereof. And the said lienors designate the sum of $190.64½ as the amount claimed on each of said houses; and the said Shryock & Clark claim the full benefit for this claim, of Art. 61 of the Code of Public General Laws, entitled "Mechanics' Lien."

SLINGLUFF & SLINGLUFF, *Attorneys.*

At the trial the plaintiffs offered the following prayers:

1. That if the jury find from the evidence in the case, that the defendant, O'Connor, was employed by the de-

fendant, Treusch, to build for him the houses in question, and that the defendant, O'Connor, contracted with the plaintiffs to furnish him with the lumber necessary to build said houses, and that the plaintiffs did deliver said lumber to said O'Connor, including the item of the 4th of November, 1876, under said contract, and that notice of the plaintiffs' intention to lay said lien was given to the defendant, Treusch, within sixty days from the date of the last delivery of lumber, and that the contract between the said Treusch and O'Connor has not yet been completed, and that the said Treusch retains in his hands from the amount due by him to O'Connor, the amount due by O'Connor to the plaintiffs, then the plaintiffs are entitled to recover the amount of their lien, with interest from the 9th March, 1877.

2. That if the jury find from the evidence in the case that the defendant, O'Connor, was employed by the defendant, Treusch, to build for him the houses in question, and that the defendant, O'Connor, contracted with the plaintiffs to furnish him the lumber necessary to build said houses, and that the plaintiffs did deliver said lumber to said O'Connor, including the item of the 4th of November, 1876, under said contract, and that notice of the plaintiffs' intention to lay said lien was given to the defendant, Treusch, within sixty days from the date of the last delivery of said lumber, and that the contract between the said Treusch and O'Connor has not yet been completed, then the plaintiffs are entitled to recover the amount of their lien, with interest from the 9th of March, 1877.

And the defendants offered the following prayers:

1. If the jury shall find from the evidence that O'Connor agreed to erect five buildings for Treusch on Eden street, and that he did erect, finish and complete said buildings in all respects, except a balustrade to a stairway in the corner house, and so delivered them to Treusch,

and that Treusch accepted the said buildings from O'Connor as a fulfilment of the contract on the part of O'Connor, as far as the said buildings were concerned, then from the time of such delivery by O'Connor and acceptance by Treusch of said five buildings, O'Connor ceased to be the architect, builder and contractor for Treusch, as to said five buildings, and any contract made by said O'Connor for materials after said delivery and acceptance, cannot affect Treusch, as owner of the said buildings.

2. That the jury must exclude from their consideration any item in said bill of particulars of said lien claim, that they may find inserted in said bills, or the subject-matter whereof they may find was delivered at said buildings for any purpose on the part of said Shryock and Clark, or either of them, not ordinarily and usually contemplated by those furnishing materials for buildings, and those receiving the benefit of such materials as owners of such buildings, unless they should find that such extraordinary and unusual purpose was sanctioned by Treusch, as well as O'Connor.

3. If the jury shall find that it was the understanding between O'Connor on the one side, and Shryock and Clark on the other, that O'Connor would buy materials for the five buildings in Eden street, from said Shryock & Clark whenever their materials and prices suited him, and not otherwise, then there was no contract between O'Connor and Shryock and Clark for the purchase of material for said buildings, and each order for material the jury may find, formed a separate and independent contract; and if the jury find the notice of lien offered in evidence, and the service thereof on Treusch, and the date of such service, and find no other notice of lien in this case, then they can find their verdict for plaintiffs for the amount of such items only in said bill of particulars as were furnished for said buildings within sixty days of the service of said notice on Treusch, if they shall find any such

items, and if they shall not have excluded them under the first and second prayers.

4. If the jury find consecutive deliveries of materials, at short intervals during the progress of said buildings, they may infer therefrom an implied contract on the part of O'Connor, to pay for them as a whole; yet they must find their verdict for the defendants, unless they shall further find the notice of lien offered in evidence, the service thereof on Treusch, and the date of said service, and that the last of said items so consecutively furnished at short intervals, was furnished within sixty days of the date of the service of said notice on Treusch; and in making up their verdict under this prayer, they must exclude from their consideration any isolated item or items furnished at a long interval or at long intervals.

5. That if the jury shall find the notice offered in evidence, and the service thereof on Treusch, and the date of said service thereof, then their verdict must be for the defendants, unless they find that the said notice was served on said Treusch within sixty days from the delivery of the last item, which, under the instructions of the Court and in the finding of the jury, should be included in said lien claim.

6. That if the jury find the bill of particulars in this case, and that the last item thereon was delivered on the 4th day of November, 1876, and that the item antecedent to said last item was delivered on the 9th day of September, 1876, and that the material in said bill of particulars was furnished under an implied contract as set forth in the fourth prayer, then the interval between the 9th September and 4th November is unreasonable, and the item of November 4th cannot be included among the other items.

7. If the jury shall find the bill of particulars offered in evidence, and shall find the last item in said bill to be the item dated November 4th, 1876, and shall further find

that said item was inserted by Shryock and Clark, or either of them, and the materials said item represents, were delivered by said Shryock and Clark, or either of them, with the connivance of O'Connor and for the purpose of reviving their lien, and the said O'Connor agreed to receipt for said material for the purpose aforesaid, then said contract for said item of November 4th, 1876, was in fraud of the legal rights of Treusch, the owner of the property, and therefore void, and said item must be excluded from the consideration of the jury in making up their verdict.

The Court (DOBBIN, J.,) granted the plaintiffs' prayers, the first being granted subject to the defendants' seventh prayer if the jury should find the hypothesis of that prayer. The Court rejected all the defendants' prayers, except the seventh, which was granted.

The defendants excepted, and the verdict and judgment being for the plaintiffs, the defendants appealed.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*John B. Wentz,* for the appellants.

*Fielder C. Slingluff,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

This is a proceeding to enforce a mechanic's lien upon certain houses belonging to Treusch, the appellant, for materials furnished O'Connor, the contractor.

The right to enforce a lien in cases of this kind is not founded upon *privity of contract with the owner,* but rests solely upon statutory law. The lien attaches upon delivery of the materials, and upon compliance on the part of the material man with the provisions of the law, and this too, irrespective of a contract either *expressed or im-*

*plied* on the part of the owner.    The evidence offered therefore by the appellees to prove the nature of the contract with O'Connor, the builder, under which the materials were delivered, was admissible in evidence, although *knowledge of such contract* was not brought home to *Treusch, the owner.*

The second exception presents, however, a different question.    The last item in the account, for materials is dated November 4th, and one of the questions in dispute between the parties, was whether the houses were finished . and accepted by the owner at the time the materials charged in this item were delivered.    The appellees offered to prove that on the 3rd of November they called on O'Connor and inquired whether the houses were finished and whether he was ready to settle, to which he replied, he was *"not ready to settle and would want right smart more lumber for the houses."*

To the declarations of O'Connor as tending to prove that the *houses were unfinished,* the appellant, Treusch, objected.    Now it is very clear that such declarations could not be offered in evidence against Treusch, unless made by authority either express or implied.    The relation between the owner and builder is not that of principal and agent, and although the building is liable for materials furnished, this liability is not founded upon the principle *of agency between the parties,* but is the creature of *positive law.*    Where a lien is claimed upon the property of the owner for materials furnished a contractor, and the question is whether the building was finished and accepted, at the time of the delivery of the materials charged, we know of no principle upon which the declarations of the contractor, not made in the presence of the owner, can be offered in evidence to bind the latter.    The Court erred therefore, in admitting such declarations.

Although the relation between the parties is not one of agency, yet the statute provides that the building shall

be liable for materials furnished the contractor, and his receipt for such materials being part of the *res gestœ*, and being also against his interest, may be offered in evidence to prove delivery. There was no error in admitting the receipts offered in the third exception.

We see no objection to *the notice of intention to claim* a lien. The object of such notices is to enable the owner to retain whatever money may be due the contractor, and to apply the same to the payment of the lien claimed. The law requires that it shall be signed by the party furnishing the materials or his agent. The notice is not liable to objection on the ground that it was signed by the attorneys of the appellees, provided it was done with the authority of the latter.

In regard to the claim to be filed by the material man, the Code requires it shall set forth:

1st. The name of the party claiming the lien, the name of the owner, and the name of the contractor.

2nd. The amount claimed to be due, the kind and amount of materials furnished, and the time when such materials were furnished.

3rd. The locality of the buildings and the number of stories of the same, or such other matters of description as may be necessary to identify the same. Sec. 19, Art. 61, Code. All these matters are clearly and distinctly set forth in the claim filed by the appellees.

We come now to the questions of law involved in the several prayers granted and in those refused by the Court. And here it is necessary to understand precisely the matters in dispute between the parties.

The appellants contended that the appellees were not entitled to the lien claimed—

1st. Because the materials were furnished to the contractor under *separate and distinct* contracts, and that notice of intention to claim a lien had not been filed within the time prescribed by the statute.

2nd. That the delivery of the materials charged on the 4th November, was a fraudulent delivery and made for the purpose of bringing the account within the time allowed the appellees to give notice of their intention to claim a lien.

3rd. That the houses were finished and accepted by the appellant as owner, and that the contract between him and O'Connor, the builder, was at an end prior to the delivery of the materials charged on the 4th of November.

The appellant was entitled to have these several questions submitted to the finding of the jury. Now the first and second prayers of appellees ignore entirely the question whether the houses were finished, *or* whether they were accepted *in good faith* by Treusch, the owner, and the contract between him and O'Connor, the builder, was at an end on the 4th of November, when the last delivery of materials was made.

In *Greenway vs. Turner*, 4 *Md.*, 296, it was held, that the liability of the owner does not attach by any act of his own, but is created entirely by the statute, and that if the contract between him and the builder was at an end at the time of the delivery of the materials, no lien or claim against the owner or his property could result to the material man, from such delivery. The Court said:

"The party furnishing the materials has the duty imposed upon him by the Act of Assembly, which was designed mainly, if not exclusively, for his benefit, of seeing that he is dealing with the person who is actually the builder or contractor at the time the materials are furnished. If the materials were furnished by virtue of an express authority or direction from the owner of the building, there might be some reason for requiring some notice equally express revoking the authority or direction. But where the authority to charge and bind the owner, alone results from the contract between him and the builder, that authority must be taken as having ceased as soon as the contract ceases."

If then the houses were finished, or if the contract between Treusch and O'Connor, the builder, was at an end and the relation of contractor and owner did not exist at the time of the delivery of the materials on the 4th of November, then such delivery could not in any manner affect Treusch, the owner. The first and second prayers were therefore erroneous because they did not submit this question to the jury, and for the same reasons the Court erred in refusing the appellants' first prayer.

It was argued that this case is distinguishable from *Greenway vs. Turner,* because Treusch, the owner, had in hands at the time the lien was filed, an amount due O'Connor, the builder, sufficient to pay the lien claim; and also because he was entitled under the contract with Treusch, to a deed for one of the houses, which in fact had not been delivered. But the right of the material man to his lien, does not depend on, nor is it in any manner affected by the question whether the owner has or has not money in his hands due the builder, nor whether the former has performed his part of the contract with the latter. As we have said in a former part of this opinion, the lien attaches upon the delivery of the materials, and this, irrespective of the contract or dealings between the owner and builder.

The proposition presented by the appellants' second prayer is, so far as this case is concerned, a mere abstract one, and there was no error in refusing it. How far it is the duty of a material man to know that the materials furnished are such as are ordinarily used in buildings of the kind for which they are furnished, is a question not necessary to be considered here, because there is no evidence to show that the claim filed, is liable to objection on that ground.

Nor do we think the appellants have any right to complain of the refusal to grant their third prayer. The question whether the materials were furnished under a *continuous contract, or under distinct and separate contracts,*

was submitted fairly to the jury in the appellees' first and second prayers.

The fourth, fifth and sixth prayers were also properly refused. They asked the Court to exclude from the jury, the consideration of certain items in the account, because they were delivered at long and unreasonable intervals.

The question in regard to the nature of the contract, whether it was a continuous one, or whether the materials were purchased under separate contracts, were questions for the jury. The evidence in this respect was conflicting. If the materials were delivered under a continuous contract, the Court had no right to exclude certain items on the ground that they were delivered at long intervals. Such deliveries were matters for the consideration of the jury, in determining whether the materials were furnished under a continuous contract, or under separate contracts with the builder.

For these reasons the judgment must be reversed and a new trial awarded.

*Judgment reversed, and
new trial awarded.*

(Decided 25th March, 1879.)