PARKWAY ESTATES, INC. ET AL. *v.* BURNHAM

[No. 160, October Term, 1955.]

*Decided May 4, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Joseph I. Huesman* for the appellants.

*L. Franklin Gerber, Jr.,* for the appellee.

HAMMOND, J., delivered the opinion of the Court.

A mechanic's lien claimant was granted a decree against the corporate property owner, which appeals, assigning as error the chancellor's rejection of its attacks on the legal sufficiency of the notice of intention to claim the lien, the lien claim, the bill to enforce the lien and the evidence offered in support of the bill.

In January, 1954, the appellee Burnham, a plastering contractor, agreed with The Georgetown Construction Company, the general contractor, that for a price of $6,520.00 he would plaster twenty-six two story houses it was building in south Baltimore for the owner, Parkway Estates, Inc., the appellant. Georgetown paid Burnham all of the contract price but $900.00. When this balance due was not forthcoming,

Burnham, on June 30, 1954, within sixty days of the doing of the last of the plastering, caused notice of intention to claim a lien to be personally served on Parkway's resident agent. In July, he filed the lien and in the following January, the bill to enforce it. Parkway posted bond to guarantee payment of any decree against it. Its demurrer to the bill was overruled and after hearing testimony, the chancellor granted Burnham a decree for $900.00.

Parkway's demurrer claimed the bill to be defective for failure to set forth facts that showed that the notice of intention to claim the lien met the requirements of the statute. The bill alleges that "* * * after compliance with all legal prerequisites as to notice to the said Parkway Estates, Inc., the owner or reputed owners of said properties, your Orator filed a Mechanic's Lien * * * the original of which is hereto attached and prayed to be taken as a part of this bill of complaint, and marked 'Complainant's Exhibit A'." In Exhibit A was this statement: "* * * and notice has been given by Raymond F. Burnham in writing to the said PARKWAY ESTATES, INC. of the intention of the said Raymond F. Burnham to claim this lien within sixty days from the last work done under said subcontract." We think the allegations of the bill, read with the statements of fact in the exhibit, are sufficient and that the demurrer properly was overruled.

Parkway's main defense is that the period of the performance of the contract and the time that the last work under it was done, are not shown in the notice of intention, the claim itself, or the proof in support of the bill. The questions as to the notice and the lien may be discussed as one. The notice, delivered on June 30, 1954, states that Burnham intends to claim a lien against twenty-six houses designated by street numbers and identified by deed references to secure a $900.00 balance due (apportioned as to each house) on a contract "for labor in plastering each of said houses furnished by said Raymond F. Burnham within sixty days last past to The Georgetown Construction Company, the contractor, for the building thereof, under an agreement made by the said Raymond F. Burnham with the said The George-

town Construction Company * * *." The statement of claim appended to the notice recites the contract agreement with Georgetown, sets out the contract price of $6,520.00, the dates of payment on account beginning February 11, 1954, and ending March 30, 1954, in the total amount of $5,620.00, the balance due of $900.00, the apportionment as to each house, and the statement "Work completed May 3, 1954".

The lien claims $900.00 for plastering twenty-six houses, again designated by street numbers and identified by the deed whereby Parkway acquired the lots on which they were built, and adds that the said claim is "* * * for work done and labor performed in the plastering of each of said houses * * * at the instance and request of The Georgetown Construction Company, the general contractor for the erection and construction of the said buildings, at that particular time, and of the nature and kind and amount, and for the contract price as set forth in the Bill of Particulars annexed hereto, of which $900.00 remains unpaid, and which labor and work has been finished and completed within less than six months before the filing of this claim." The bill of particulars shows the total contract price for plastering of twenty-six houses, divided into $250.00 for each of twenty-two houses, and $255.00 for each of four houses. It shows payments on account on February 11, 1954, February 19, 1954, March 20, 1954, March 24, 1954, and March 30, 1954. It states that: "The said subcontract was completed on May 3rd, 1954 * * *."

Burnham claims, and Parkway agrees, that there was but one indivisible contract to plaster twenty-six houses for an agreed total contract price. Parkway relies on *Clark v. Boarman*, 89 Md. 428, and *Dugan v. Howard*, 130 Md. 114, to show that the notice of intention to claim the lien and the lien claim were ineffective to support the lien because neither the year, month or day on which work was done is specified. The cases, however, do not hold that such particularity is needed when there is involved but one indivisible contract. Indeed, the necessary inference from their language is to the contrary. Each of them involved several distinct contracts. In *Clark v. Boarman*, the allegation that the work

had been finished and the materials furnished within six months was held insufficient because it might be true as to one of the contracts but not, necessarily, as to the others. The Court noted: "So if it be conceded that some work was done, or materials furnished, within six months, it would be impossible to say under which contract, and hence the Court could not pass a decree." The inference that if there be but one indivisible contract, the allegation held insufficient in *Clark v. Boarman* would be sufficient, is made manifest by *Wix v. Bowling*, 120 Md. 265, where there were also several distinct contracts and the lien claim was held ineffective because "* * * it fails to show that the work charged for in those items was done, and that the materials therein referred to were furnished, within the time required by the statute." Appellant relies also on *Rust v. Chisolm*, 57 Md. 376, but as the Court pointed out in that case, the accounts there did not state the day nor even the year when the materials were furnished. In the case before us, the notice of intention and the lien claim make it clear that there is but one indivisible contract, and each shows the date of its completion on May 3, 1954, and the fact that the work was done during the months of 1954 preceding the date of completion of the work. The only work that the notice and the lien could have referred to was the plastering of the named houses for the agreed price, and both identified that work and when it was done. The reasoning that underlay the decisions in *Pue v. Hetzell*, 16 Md. 539, and *Gunther v. Bennett*, 72 Md. 384, is applicable in the pending case. In *Gunther v. Bennett*, the Court, speaking of the bill of particulars filed with the lien claim, said that normally it must set forth the amount of the materials furnished, and added: "* * * but where there is a contract, as here, both to do the work and furnish materials for a certain sum, it is not required to do more than set out the contract price, and for the obvious reason that under the contract itself, no amount has been fixed, either for the work or materials separately." It then quoted the following language from *Pue v. Hetzell:* " 'The bill of particulars' * * * 'shows a substantial compliance with the Act. The appellee was entitled to compensation only for a

specific job of work, and the work when completed so combined the work and materials as to render it unnecessary to separate them, in the view of the law.' " In our view the statements of the notice, read with the appended particulars, were sufficient and the statements of the lien claim, read with the bill of particulars attached as part of the claim, substantially gratified the requirements of the statute. See *Baker v. Winter,* 15 Md. 1, 10; and cf. *Thomas v. Barber,* 10 Md. 380, 390-1; and *Welch v. Humphrey,* 200 Md. 410, 414, 415. See also *Johnson v. Metcalfe,* 209 Md. 537.

The final claim of Parkway on the merits is that Burnham did not prove that the notice of intention to claim a lien was served on Parkway within sixty days after the plastering was finished. Burnham's system of records was not elaborate and his recollection of details was somewhat vague. The chancellor went into the matter of whether May 3, 1954, was the last working day with some particularity and finally was convinced, and held, that Burnham's statement that he personally took two of his men down to the job on May 3, 1954, to finish pointing up the plastering, was accurate. The chancellor had the opportunity to observe the witness and to test the credibility of his recollections and statements, which to some extent were supported by his books of account, and we cannot say that the finding made was not correct. There is substantial support in the cold print of the record to sustain the finding. It is not disputed that the notice was served on June 30, 1954, within sixty days of May 3. We think that Burnham met his burden of proof in this and all other essential respects and that the decree below, awarding him the $900.00 with interest from July 22, 1954, due him under the plastering contract, was rightly passed.

*Decree affirmed, with costs.*