G. EDGAR HARR SONS *v.* NEWTON ET UX.

[No. 38, September Term, 1959.]

*Decided November 19, 1959.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Austin W. Brizendine* for the appellant.

*William F. Mosner,* with whom were *Power & Mosner* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal raises a narrow question as to the sufficiency of a notice of intention to file a mechanic's lien. The suit was instituted as a special case by consent under Maryland Rule 329. Pursuant to Code (1957), Art. 63, sec. 29, a surety bond was substituted for the lien, and it was agreed that if the Court should find sufficient notice of intent to claim a lien, judgment might be entered against the surety, otherwise, that the lien claim should be dismissed.

It appears that the appellees, the Newtons, engaged Carrigan and Hester to erect a dwelling on their lot, which they acquired by deed dated July 30, 1957. The builders subcontracted with the appellant, Harr, for the drilling of a well and installation of pumping equipment on the premises. Harr completed all this work on January 27, 1958. On March 18, 1958, Harr wrote the Newtons, stating "This is to give notice under the provision of Article 63, Section 11, of the Annotated Code of the Public General Laws of Maryland, that G. Edgar Harr Sons of Cockeysville, Md. intends to file a mechanic's lien in the amount of $1,611.35, against the property being erected by Horace R. Hester, Andre H. Carrigan and Lutherville Real Estate Co. for Mr. and Mrs. Robert A. Newton on Chestnut Ridge Road near Falls Road known as Lot #6 in the Fallscroft Development, Baltimore County, Maryland, of which amount the sum of $1,052.75 represents drilling a water well and $558.60 represents installation of pumping equipment.

"This notice is standard procedure and is made without prejudice with all our accounts which are nearly sixty days old."

This notice was followed by the filing of a mechanic's lien claim on May 23, 1958, with a bill of particulars setting forth a sum representing the total footage of the drilling operation, at $2.75 per foot, and describing the type of pump, tank, pipes,

valves and fittings, installed for a fixed sum, the total of the two sums being the amount claimed. The Chancellor found that the notice of intention was insufficient and dismissed the lien claim and discharged the surety.

Code (1957), Art. 63, sec. 11, provides: "If the contract for furnishing such work or materials, or both, shall have been made with any architect or builder or any other person except the owner of the lot on which the building may be erected, or his agent, the person so doing work or furnishing materials, or both, shall not be entitled to a lien unless, within ninety days after furnishing the same, he or his agent shall give notice in writing to such owner or agent, if resident within the city or county, of his intention to claim such lien." The time specified in this section was enlarged from 60 to 90 days by Chapter 629, Acts of 1957, but evidently the appellant was not aware of the change.

The statute does not require that the exact time when the work was performed or materials furnished, or both, be specified in the notice, so long as the notice is given "within ninety days after furnishing the same". Thus, in *Treusch v. Shryock*, 51 Md. 162, 164, 171, the claim for lumber furnished "within sixty days last past," was held to be sufficient. See also *Parkway Estates v. Burnham*, 210 Md. 64, 66, and *Mashkes v. Jakenjo, Inc.*, 220 Md. 457, 459. While the notice in the instant case is not a model of clarity, we think it fairly indicates that it was given in order to comply with the statute, and that the work and materials referred to had been furnished within the statutory period. The reference to "standard procedure" and "without prejudice" was evidently intended to assure the owners that they were not being singled out for special treatment, but that they were being treated like all other customers whose accounts were "nearly sixty days" in arrears. It is conceded, of course, that the work was in fact completed within sixty days prior to the notice. The purpose of the statutory requirement, as has been frequently stated, is to afford an opportunity to the owner to retain the amount claimed out of any moneys payable by him to the principal contractor. *Wm. Penn Supply v. Watterson*, 218 Md. 291, 298, and cases cited. We think the notice served

this purpose and that there was at least substantial compliance. Cf. *Treusch v. Shryock,* 55 Md. 330, and *Bukowitz v. Maryland Lumber Co.,* 210 Md. 148.

The appellees contend, however, that there were two divisible contracts for drilling a well, and installing pumping equipment, and that the work under one contract may well have been performed more than ninety days before the notice was given. We think the contention is without merit. This is not a case where there were a large number of houses involved. There was only one house, and one well, and no possibility of confusion as to the nature of the claim. Obviously, the well had to be drilled before the pump, tanks and pipes could be completely installed and connected. The exact terms of the subcontract are not shown, but may be implied from "evidential circumstances". *Parker v. Morgan,* 170 Md. 7, 19. We may properly infer, we think, that there was a single contract to provide the water supply for an agreed total contract price, even though the charge for the drilling operation was to be calculated on a footage basis, and thus the amount was contingent upon the depth at which a satisfactory supply might be tapped. There is nothing to indicate that payment might have been demanded for the well, separate and apart from the installation of the pump and other items. In *Parkway Estates v. Burnham, supra,* we held that the contract was single and indivisible, even though the total contract price was calculated upon a series of definite sums allocated to each of some 28 houses. Cf. *Johnson v. Metcalfe,* 209 Md. 537, 541, and *Brosius Homes Corp. v. Bennett,* 202 Md. 433. We have recognized that a lien may be claimed under a cost-plus contract, *House v. Fissell,* 188 Md. 160, or even without a contract, where there is an undertaking to supply materials as needed at a "going price". *Clark Concrete Co. v. Lindberg,* 216 Md. 576.

The cases make it clear that the crucial date is the date of completion, even though most of the work and materials is furnished prior to the time specified in the statute, "if the various undertakings are so connected together as to show that the parties contemplated that all of the deliveries form one entire matter for settlement". *District Hgts. Apts. v.*

*Noland Co.*, 202 Md. 43, 52. Cf. *Brunt v. Farinholt-Meredith Co.*, 121 Md. 126, 131, and *German Luth. Church v. Heise*, 44 Md. 453, 469.

> *Decree reversed, and, pursuant to stipulation, decree entered against the New Amsterdam Casualty Co. in the sum of $1,611.35 with interest from May 23, 1958, costs to be paid by the appellees.*