HIMELFARB ET AL. *v.* B & M WELDING AND
IRON WORKS, INC.

[No. 251, September Term, 1968.]

*Decided June 3, 1969.*

*Motion for rehearing filed July 2, 1969; denied July 7, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, MCWILLIAMS, FINAN and SINGLEY, JJ.

*Richard B. Bland,* with whom were *Welsh & Lancaster* and *Donald M. Caplan* on the brief, for appellants.

*Calvin R. Sanders* for appellee.

SINGLEY, J., delivered the majority opinion of the Court. MCWILLIAMS, J., dissents.

This is an appeal from an order of the Circuit Court for Prince George's County enforcing a mechanics' lien in the amount of $27,443.78 claimed by B & M Welding and Iron Works, Inc. (B & M) against property owned by Himelfarb and others. Joined as a defendant was Frederick W. Berens, Inc. (Berens), which held a construction deed of trust note secured by a deed of trust on the property. Because the deed had not been recorded until after the commencement of construction, B & M's lien, if valid, would take precedence over that of the deed of trust. Berens challenges the validity of B & M's lien on the ground that the notice given by B & M to the owners failed to meet the requirements of our mechanics' lien statute, Maryland Code (1957, 1968 Repl. Vol.) Art. 63 (the Act).

B & M was a subcontractor and, in order to perfect its lien, was required to give notice to the owner, as provided for by the Act, § 11 (a) :

> "If the contract for furnishing such work or materials, or both, shall have been made with any architect or builder or any other person except the owner of the lot on which the building may be erected, or his agent, the person so doing work or furnishing materials, or both, shall not be entitled to a lien unless, within ninety days after furnishing the same, he or his agent shall give notice in writing to such owner or agent, if resident within the city or county, of his intention to claim such lien."

Sometime in early March, 1967, B & M's counsel had

the following letter, dated 16 February 1967, delivered to each of the owners:

"Please take notice that the undersigned, on behalf of B & M Welding and Iron Works, Inc., Gaithersburg, Maryland, intends to file a mechanics lien against property owned by you and known as Riverdale Plaza and further identified as Parcel A, 'Riverdale Plaza', as shown in Plat Book W.W. 58, at folio 13, one of the Land Records of Prince George's County, Maryland, for labor and materials provided for the said B & M Welding and Iron Works, Inc., in connection with a shopping center being erected upon said property.

"This lien claim arose by virtue of a contract between the said B & M Welding and Iron Works, Inc., and Cohen-Himelfarb and Associates, Silver Spring, Maryland, the general contractor for the said construction. The amount of this lien claim is $29,831.28.

"The total sum due for labor and materials was $175,353.28, of which $145,522.00 has been paid to date, leaving a balance due and payable of $29,831.28."

Berens says that for a notice to be deemed sufficient, it must specify the time when the work was done or the materials were furnished, and that we have so held in *District Hgts. Apts., Inc. v. Noland Co.*, 202 Md. 43, 95 A. 2d 90 (1953) and *Welch v. Humphrey*, 200 Md. 410, 90 A. 2d 686 (1952).

B & M replies that substantial compliance with the notice requirement is all that is necessary and relies on *G. Edgar Harr Sons v. Newton*, 220 Md. 618, 155 A. 2d 480 (1959) and *Mashkes v. Jakenjo, Inc.*, 220 Md. 457, 154 A. 2d 439 (1959) and reminds us that Cutler and Shapiro, *The Maryland Mechanics' Lien Law—Its Scope and Effect*, 28 Md. L. Rev. 225 (1968) at 241, relying on *Harr*, concludes that "[a]pparently the exact time when

the work was performed or the materials supplied need not be specified." As we see it, a careful reading of *Harr* and *Mashkes* makes it clear that *exact* time need not be specified if the notice makes it clear that the work was performed or the materials supplied at some time within 90 days. In both *Mashkes* and *Harr* there was sufficient information in the notice to inform the owner that the last work had been done or the last materials supplied in the performance of an indivisible contract within the 90 days next preceding the date of the notice. To the same effect are *Parkway Estates, Inc. v. Burnham,* 210 Md. 64, 122 A. 2d 326 (1956) and *Treusch v. Shryock,* 51 Md. 162 (1879).

While it is true that the mechanics' lien law is to be liberally interpreted in favor of mechanics and materialmen, *Caton Ridge, Inc. v. Bonnett,* 245 Md. 268, 225 A. 2d 853 (1967); *Giles & Ransome, Inc. v. First Nat'l Realty Corp.,* 238 Md. 203, 208 A. 2d 582 (1965); *Reisterstown Lumber Co. v. Reeder,* 224 Md. 499, 168 A. 2d 385 (1961); *T. Dan Kolker, Inc. v. Shure,* 209 Md. 290, 121 A. 2d 223 (1956); *Johnson v. Metcalfe,* 209 Md. 537, 121 A. 2d 825 (1956), it is equally true that the lien, having been created by statute, is obtainable only if the requirements of the law are substantially complied with. *Freeform Pools, Inc. v. Strawbridge Home for Boys, Inc.,* 228 Md. 297, 179 A. 2d 683 (1962); *Dente v. Bullis,* 196 Md. 238, 76 A. 2d 158 (1950); *House v. Fissell,* 188 Md. 160, 51 A. 2d 669 (1947); *Maryland Cas. Co. v. Lacios,* 121 Md. 686, 89 A. 323 (1913); *Kenly v. Sisters of Charity,* 63 Md. 306 (1885).

> "* * * Although it is settled that the statute is to be construed in the most liberal and comprehensive manner in favor of mechanics and materialmen, the party seeking a lien must nevertheless come within the plain meaning and obvious purpose of the statute. And where a person is not within the statutory provisions, the scope of the law may not be extended by the courts." *Giles &*

Ransome, Inc. v. First Nat'l Realty Corp., supra, at 205.

B & M argues that the Act, § 11 (a) requires only a notice of "intention to claim such lien"; that its notice did this; and that "the time when the materials were furnished or the work done" is a part of the claim, as prescribed by § 19 of the Act. If this were a case of first impression, we might find B & M's argument persuasive.

However, virtually the same contention was made in *Welch v. Humphrey, supra,* and was rejected by our predecessors:

> "It has always been held in Maryland that if the notice is given to the owner of the property before the lien claim is filed, it should definitely state the intention of the claimant to claim the lien, and also fully and specifically state the particulars of the claim and the nature and kind of work done or materials furnished, *the time when done or furnished* and the amount of the claim." (Emphasis added) 200 Md. at 414.

We think that the Rule as stated in 2 Poe, *Pleading and Practice* (Tiffany Ed.) § 738 at 717 and approved by us in *Welch v. Humphrey, supra,* 200 Md. at 418 is correct:

> "The notice to the owner must state the intention of the claimant to claim the lien; and if this statement be omitted, the notice will be fatally defective. * * * It should also specify the nature or kind of the work done or materials furnished, *and the time when done or furnished,* together with the amount or sum due; and the omission of any of these particulars will, in like manner, be fatal to the notice." (Emphasis added)

Putting it another way, our decisions have been consistent in reading into the notice called for by § 11 the requirements of § 19 respecting the structure of the claim.

It is clear that the notice provided for by § 11 of the Act is required for the protection of the owner of the property. *Noland Co. v. Allied Contractors, Inc.,* 273 F. 2d 917 (4th Cir. 1959) ; *G. Edgar Harr Sons v. Newton, supra,* 220 Md. 618; *Shryock v. Hensel,* 95 Md. 614 at 626, 53 A. 412 (1902) ; *Treusch v. Shryock, supra,* 51 Md. at 171. Under § 13 of the Act, the owner is afforded an opportunity to retain in his hands, out of the money payable by him to the general contractor, the amount claimed by the subcontractor, to be applied by the owner to the payment of the lien which may be filed against his property. *William Penn Supply Corp. v. Watterson,* 218 Md. 291, 298, 146 A. 2d 420 (1958). In the absence of an assertion that the work was done or the material supplied within 90 days, the owner has no way of determining whether the claim is lienable.

In argument before us B & M contended that the requirement that notice be given to the owner of the property should be relaxed in a case like that before us, where Herbert A. Himelfarb, one of the partners in the firm of general contractors, was also one of three joint owners of the property. We do not find this persuasive, for reasons stated in *United States Tile & Marble Co., Inc. v. B & M Welding & Iron Works, Inc.,* 254 Md. 81, 253 A. 2d 838 (1969). *See also Reindollar v. Flickinger,* 59 Md. 469 (1883).

B & M's notice stated that it was its intention to claim a lien. It specified the nature or kind of the work or materials furnished, together with the amount or sum due. Yet because it omitted to particularize the time when the work was done or the materials furnished, the notice was fatally defective and, without a proper notice, there was no basis for the filing of a valid claim.

*Order reversed; costs to be paid by appellee.*