## MIMSCO STEEL CORPORATION *v.* HOLLOWAY CONCRETE CONSTRUCTION COMPANY ET AL.

[No. 372, September Term, 1970.]

*Decided March 2, 1971.*

*Motion for rehearing filed March 18, 1971; denied April 5, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*Harry E. Taylor, Jr.*, with whom were *Taylor, Euwer & Smith* on the brief, for appellant.

*G. Vann Canada, Jr.*, and *James F. Fitzgerald* for appellees.

PER CURIAM.

*Himelfarb v. B & M Welding and Iron Works, Inc.*, 254 Md. 37 (1969), cited with approval in *Palmer Park Limited Partnership v. Marvelite, Inc.*, 255 Md. 121 (1969), and *U.S. Tile & Marble Co. v. B & M Welding and Iron Works, Inc.*, 254 Md. 81 (1969), is dispositive of the determinative issue here presented. Why it was not cited by the appellees or by the chancellor or mentioned by the appellant (Mimsco) we are not in a position to say. In question is the adequacy, Code (1968 Repl. Vol.), Art. 63, § 11 (a), of Mimsco's notice of its intention to assert a mechanics' lien. In pertinent part the notice, which was served on the appellee Metropolitan Baptist Temple, Inc. (Temple), on 21 June 1967, is as follows:

> "This is to place you on notice that * * * MIMSCO * * *, pursuant to a contract with Holloway Concrete Construction Company, delivered certain products to * * * Holloway * * * for the construction of the * * * Temple. These were iron and steel products delivered on the following dates pursuant to the following invoice numbers and carrying the following charges:

| August 30, 1966 | Inv. No. 5675 | $ 900.00 |
| September 26, 1966 | Inv. No. 5752 | 3,136.35 |
| October 6, 1966 | Inv. No. 5841 | 1,656.65 |
| October 24, 1966 | Inv. No. 5941 | 128.00 |
| October 27, 1966 | Inv. No. 5968 | 1,224.00 |
| December 9, 1966 | Inv. No. 6342 | 5,723.00 |

and delivery and erection of [the] fire escape on March 22, 1967. As of this date, there exists an unpaid balance * * * of * * * ($4,564.22).

"You are hereby placed on notice that pursuant to [Code, Art. 63] * * * we are * * * declaring an intent to place a mechanics lien on the property and improvements of * * * Temple located at the above-referred to address."

It will at once be observed that the notice was not given within 90 days from 22 March 1967. Mimsco filed its lien in the Circuit Court for Montgomery County on 21 August 1967.

In its (amended) bill of complaint to enforce the lien Mimsco alleged that the last materials were delivered "and/or" the last labor was performed "on March 24, 1967." Obviously the notice was given within 90 days of 24 March. The appellees demurred to the amended bill of complaint mainly on the ground that the notice did not show that it had been given within the 90 day period. The chancellor, finding that Mimsco had substantially complied with the statute, overruled the demurrers. In his opinion he said:

"* * * The Plaintiff's mistake was not a failure to give notice as required by statute, but rather a failure to specify in such notice the date on which work and deliveries were actually completed."

We think the chancellor has it the wrong way around. *Himelfarb* puts beyond doubt the necessity of stating in the notice that the work was done or the materials

were supplied within the 90 day period. In that case Judge Singley said, for the Court:

> "It is clear that the notice provided for by § 11 of the Act is required for the protection of the owner of the property. *Noland Co. v. Allied Contractors, Inc.*, 273 F. 2d 917 (4th Cir. 1959) ; *G. Edgar Harr Sons v. Newton, supra,* 220 Md. 618; *Shryock v. Hensel,* 95 Md. 614 at 626, 53 A. 412 (1902) ; *Treusch v. Shryock, supra,* 51 Md. at 171. Under § 13 of the Act, the owner is afforded an opportunity to retain in his hands, out of the money payable by him to the general contractor, the amount claimed by the subcontractor, to be applied by the owner to the payment of the lien which may be filed against his property. *William Penn Supply Corp. v. Watterson,* 218 Md. 291, 298, 146 A. 2d 420 (1958). In the absence of an assertion that the work was done or the material supplied within 90 days, the owner has no way of determining whether the claim is lienable."
>
> * * *
>
> "B & M's notice stated that it was its intention to claim a lien. It specified the nature or kind of the work or materials furnished, together with the amount or sum due. Yet because it omitted to particularize the time when the work was done or the materials furnished, the notice was fatally defective and, without a proper notice, there was no basis for the filing of a valid claim." *Id.* at 42.

The other issue, which was resolved by the chancellor against Mimsco and which moved him to dismiss the bill of complaint is, to be sure, both interesting and provocative but there is no need for us to reach it.

> *Order affirmed.*
> *Costs to be paid by the appellant.*