MASHKES ET AL., TRADING AS MASHKES ELECTRIC COMPANY *v.* JAKENJO, INC.

[No. 20, September Term, 1959.]

458

*Decided September 25, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Albert G. Aaron,* for appellant.

*Louis E. Carliner,* for appellee.

PER CURIAM.

The Chancellor sustained a demurrer to a bill for enforcement of a mechanic's lien because he found that the notice to claim the lien was insufficient in failing to set forth a sufficient description of the nature and kind of the materials furnished and the time when they were furnished.

The contract was an indivisible one for all the electrical work in a building, according to plans and specifications, for an agreed price.

The notice advised the owner that it was intended to claim a lien on 7856 Eastern Avenue (describing the property by metes and bounds and giving the deed reference) for $1577 "for electrical work done and materials supplied * * * in accordance with the lien claimant's contract with Rochkind Construction Co., Inc., the contractor with whom you contracted for the construction of the above described dwelling or structure, which amount is more fully set forth and itemized in Lien Claimant's Exhibit No. 1 attached hereto, but intended to be made a part of this notice, all of which work done and materials supplied in accordance therewith has been furnished within ninety days last past * * *". The attached exhibit set forth the agreed contract price of $1500 for work

done and materials supplied at 7856 Eastern Avenue "as per plans and specifications", and two specified extras of $35 and $72 and a credit for work in the original specifications not done of $30, leaving a net balance of $1577.

Since the contract was for a single indivisible undertaking to do all the electrical work, the notice (a) that it was done "as per plans and specifications", which were sufficiently identified so that the owner could have referred to them, and (b) that "all of which work done and materials supplied" (including specified extras and deletions) "has been furnished within ninety days last past", gave the owner adequate information as to just what had been done and when, and, under the rules relied on in *Parkway Estates, Inc. v. Burnham,* 210 Md. 64, and *Treusch v. Shryock,* 51 Md. 162, 164, 171, was a sufficient compliance with the requirements of Code, 1957, Art. 63, Sec. 11.

*Order reversed, with costs*